■ In the Matter of the Estate of EARLE D. FULLER, Deceased. WILLIAM F. GALLAGHER, JR., as Guardian ad Litem of MARJORIE B. FULLER, Respondent; DONALD M. FENNER, as Executor of EARLE D. FULLER, Deceased, Appellant.— Order unanimously reversed, without costs, and petition dismissed. Memorandum: The question raised on appeal is whether EPTL 5-1.1 (subd. [d], par. [3]) authorizes a guardian ad litem of a surviving spouse under a disability to make an election against the will on her behalf. Such authority cannot be found in the statute. EPTL 5-1.1 (subd. [c]) states: " Where, after August thirty-first, nineteen hundred sixty-six, a testator executes a will disposing of his entire estate, and is survived by a spouse, a *personal* right of election is given to the surviving spouse to take a share of the decedent's estate ". (Emphasis added.) EPTL 5-1.1 (subd. [d], par. [3]) further provides: The right of election is *personal* to the surviving spouse, except that an election may be made by: (A) The *guardian of the property* of an infant spouse, when so authorized by the surrogate having jurisdiction of the decedent's estate. (B) The *committee* of an incompetent spouse, when so authorized by the supreme court ". (Emphasis added.) Had the Legislature intended to authorize guardians ad litem to make such elections, it would have expressly so provided rather than limit that authority, as it did, to a committee, or in the case of an infant spouse to the guardian of the property. Contrary to the opinion of the Surrogate, a holding that a guardian ad litem cannot make the election for a spouse, who though not yet judicially declared an incompetent, is under a mental disability, does not leave a gap in the law. EPTL 5-1.1 (subd. [e], par. [2]) provides that the

six months' period within which the election must be made may be extended by order of the Surrogate. Thus, in such a case as the instant one, the guardian ad litem could move for extensions, and, while the extension or extensions are in effect, if the spouse is unable to manage her own affairs, a committee can be appointed. Furthermore, even where such extension is not requested prior to the expiration of the initial six month period, EPTL 5–1.1 (subd. [e], par. [3]) authorizes the Surrogate to permit an election to be made in behalf of an infant or incompetent spouse at any time up to, but not later than, the entry of the decree of the first judicial account of the permanent representative of the estate, made more than seven months after the issuance of letters. Our determination does not foreclose an application by a committee to seek similar relief under EPTL 5–1.1 (subd. [e], par. [3]), if so advised. (Appeal from order of Herkimer County Surrogate granting application to take elective share of estate.) Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Gabrielli, JJ.