OPINION OF THE COURT
F. Warren Travers, S.
In the proceeding for the probate of the last will and testament of Lillian M. Gilchrist, deceased, petitioner alleged that Kenneth L. Gilchrist, surviving husband, is a patient in a hospital and is a person under a disability. Petition further states that Kenneth L. Gilchrist, husband, is "non compos mentisThere being no conservator or committee of the surviving spouse, the court appointed William J. Aram, Esq., guardian ad litem.
Decedent died survived by her said husband and two adult children. The last will and testament, executed March 18, 1975 and offered for probate, leaves the entire estate to her two children.
The document also recites, "I further direct that only my beloved husband, Kenneth L. Gilchrist, and he alone, and not any representative, or guardian or committee, shall have the right to make any election to take against this Will or the provisions as set forth herein.”
The attempt by decedent to limit the right of election to her husband "alone and not any representative, or guardian or committee” is in conflict with EPTL 5-1.1.
Without question, the spouse’s right of election is a personal right. The statute, EPTL 5-1.1, admits to two exceptions, however. First, the guardian of the property of an infant spouse may exercise the right when authorized by the Surrogate having the jurisdiction of the decedent’s estate. Second, the committee of an incompetent may do so when authorized by the Supreme Court.
Although the guardian ad litem is acting in the best interest of the surviving husband, the statute and decisional law are clear that a guardian ad litem of a person under disability has no authority to make an election against the will on behalf of that surviving spouse. (Matter of Fuller, 33 AD2d 1095.)
In Matter of Fuller (supra, pp 1095-1096), the Fourth Department reversed the Surrogate stating that refusing to allow a guardian ad litem to exercise the right of election "does not *477 leave a gap in the law. EPTL 5-1.1 (subd. [e], par. [2]) provides that the six months’ period within which the election must be made may be extended by order of the Surrogate * * * while the extension or extensions are in effect, if the spouse is unable to manage her own affairs, a committee can be appointed.”
In the case now before the court, the surviving husband is described in the petition for probate as "non compos mentis”. The decedent, wife, purports to leave all of her property to the surviving children equally, and attempts to limit the surviving spouse in making an election.
If the surviving spouse is under a disability and the guardian ad litem is not authorized to make an election on behalf of the surviving spouse, what appears to be a gap in the law must be filled by the Commissioner of Social Services of the County of Rensselaer.
Where the property of any person is endangered by reason of his incompetency and no proceeding has been commenced (for the appointment of a committee), the social services official of the place where such person resides shall bring the proceeding. (Mental Hygiene Law, § 78.03.)
The section does not make any distinction between a person receiving public assistance and one who is not.
In expressing its concern for a person in need of a conservator in section 77.03 of the Mental Hygiene Law, the Legislature, in a 1974 amendment (L 1974, ch 624, § 2), allows the petition for appointment of a conservator to be commenced by a "friend”, which shall include "a social service official of the place where the proposed conservatee resides regardless of whether or not the proposed conservatee is a recipient of public assistance”. (Emphasis supplied.)
Although some clarification of the duty of a social services official may be called for under section 78.03 of the Mental Hygiene Law, a reading of this section in conjunction with section 77.03 of the Mental Hygiene Law, leads this court to believe that the Commissioner of Social Services of Rensselaer County should apply for the appointment of a committee for the surviving husband, Kenneth L. Gilchrist, to the end that such committee, when appointed, may seek authority from the Supreme Court to exercise the right of election.
Accordingly, the guardian ad litem is directed to notify the Commissioner of Social Services, Rensselaer County, that *478 Kenneth L. Gilchrist is a person whose property may be endangered by reason of his alleged incompetency, and that no proceeding has been commenced for the appointment of a committee.
The will is admitted to probate. Submit decree with a provision, however, that there shall be no distribution pending further order of the court.