In the Matter of the Estate of WILLIAM H. BURGER, Deceased.

Surrogate's Court, Kings County, May 15, 1935.

*Edo E. Mercelis*, for the petitioners.

*Conrad Saxe Keyes*, special guardian.

WINGATE, S.   An extremely unusual question respecting the right to receive commissions on the principal of a trust estate is raised

in this proceeding. The residue of testator's estate was erected into two trusts, the terms of which are presently immaterial.

The sixth item of the will is, however, of importance, and reads: " I nominate and appoint my wife, Augusta C. Burger, my friend Edo E. Mercelis and the Union Trust Company of New York, to be the Executors of and Trustees under this my will. In addition, I also nominate my sons Norman and William Burger to be Executors hereof and Trustees hereunder as and when my said sons shall attain the age of thirty years respectively."

The first three named persons duly qualified, both as executors and trustees, immediately following the probate of the will on December 11, 1922. Their executorial accounts were judicially settled by decree dated April 16, 1926.

On May 17, 1929, they filed an account of their transactions as trustees, for the period terminating on March twenty-third of that year, which account was judicially settled by decree dated June 18, 1929. On this accounting the three trustees applied for, and received, commissions at half the statutory rate for receiving the corpus of the trust, and also commissions for the second one-half on such portions as had been paid out. The total commissions thus allowed aggregated $17,920.92, being made up of a receiving commission on $563,285.25 and a paying out commission on $26,105.10.

It may be noted in passing that William C. Burger, one of the sons referred to in the sixth item of the will, was a party to this proceeding and interposed no objection to the entry of the decree.

On November 29, 1929, William C. Burger attained the age of thirty years and duly qualified as trustee under the will, receiving letters of trusteeship dated May 20, 1930.

A further account by the trustees is now in process of judicial settlement, in which William C. Burger lays claim to " half commissions for joining in the receipt of said trusts in the hands of his co-trustees," inferentially on the entire $563,285.25, the sum on which the three original trustees each received a full commission for receiving under the decree of 1929. His rights in this regard are questioned by the special guardian.

The right of a testamentary fiduciary to commissions is regulated by section 285 of the Surrogate's Court Act, which so far as presently pertinent, reads:

" On the settlement of the account of any * * * testamentary trustee, * * * the surrogate must allow to such * * * testamentary trustee for his services, in such official capacity, and if there be more than one, apportion among them according to the services rendered by them respectively.

" For receiving and paying out all sums of money not exceeding two thousand dollars, at the rate of five per centum.

" For receiving and paying out any additional sums not amounting to more than twenty thousand dollars, at the rate of two and one-half per centum.

" For receiving and paying out any additional sums not exceeding twenty-eight thousand dollars at the rate of one and one-half per centum.

" For all sums above fifty thousand dollars at the rate of two per centum.  *  *  *

" If the gross value of the principal of the estate or fund accounted for amounts to one hundred thousand dollars or more, each  *  *  * testamentary trustee is entitled to the full compensation on principal and income allowed herein to a sole  *  *  * testamentary trustee, unless there are more than three, in which case the compensation to which three would be entitled must be apportioned among them according to the services rendered by them, respectively."

The only case with which the court is familiar in which any, even remote, approximation of the situation at bar was presented is *Matter of Thomas* (133 Misc. 601; revd., 228 App. Div. 203; reversal revd., 254 N. Y. 292).  In that the terms of the will directed that there should at all times be four trustees in office.  One of the original trustees, " Edward R. Thomas," was also a life tenant of one of the trusts.  Upon his death a successor was appointed by the surviving trustees and the question arose as to the right of such successor to commissions on that portion of the fund which was held in trust for the deceased trustee life tenant.

As appears from the opinion in the Court of Appeals (at p. 296), the surrogate allowed the successor trustee " for services performed in paying out the Edward R. Thomas trust fund, as well as for his services as trustee of the other trust funds."

Upon appeal, the Appellate Division held that he was entitled to no commissions whatsoever upon the Edward R. Thomas trust fund.

The Court of Appeals reversed the order of the Appellate Division and affirmed that of the surrogate, but expressly noted (at p. 296) that " no question has been raised as to the amount of the commissions allowed " if the successor trustee was entitled to any commission whatsoever on the Edward R. Thomas fund.

The question passed upon by the Court of Appeals, therefore, in no way impinges upon that here raised, except in ultimate result.

In this situation the only authorities presented for the guidance of this court are the result of the surrogate in the case, who allowed

only commissions on the paying out of the fund, denying them on its receipt, and such aid as may be gained from the dissenting opinion in the Appellate Division written by Mr. Justice PROSKAUER with the concurrence of Mr. Justice (now Judge) FINCH. He says in part (at p. 208): " Inasmuch as the four trustees could under the provisions of section 285 of the Surrogate's Court Act * * * receive no more than three commissions to be apportioned among them, this seems to me to be largely a controversy among the trustees themselves. It may well be that under the provisions of that section the surrogate could apportion three commissions on the basis of service rendered."

This statement, except perhaps for its first sentence, however, hardly advances the subject beyond the point at which the statute leaves it.

It appears obvious by application of the principle *inclusio unius est exclusio alterius* (*Matter of Kennedy*, 149 Misc. 188, 189) that the allowance in section 285 of certain specified sums excludes the authority for allowance of larger ones, as expressly stated by the prevailing minority in the Appellate Division, and the statute itself expressly directs that the statutory compensation in a case like the present " must be apportioned among them according to the services rendered by them," rendering it mandatory that a judicial act be performed in this regard.

In the case at bar this judicial act was performed by the court in the 1929 decree, to which the present applicant was a party. The total receiving commission which is permissible under the statute was then allowed and directed to be paid to the three trustees who then accounted. Since the newly-qualified trustee was a party to that proceeding all matters therein determined are now *res adjudicata* as to him. One of the matters so determined was the allocation of the total sum which may be charged against the estate for receiving commissions on principal funds embraced in the account.

It follows, therefore, that whereas the trustee who has since qualified will presumably be entitled to participation in receiving commissions on any additional principal increment which may come into the hands of the trustees during his tenure of the office, to paying-out commissions and to commissions on receipt and disbursement of income, he cannot be allowed any commissions on the principal in respect to which the total amount authorized by statute was allowed in the former decree.

Enter decree on notice.