## In the Matter of the Estate of CHARLES BRILL, Deceased.

Surrogate's Court, Orange County, November 1, 1940.

*Henry Hunter*, for the motion.

*Allen J. Indzonka, Jr.*, for the State Tax Commission, opposed.

TAYLOR, S. A rather ingenuous question is posed for determination in connection with this motion for an order to declare this estate exempt of tax.

All the pertinent facts are not set out in the moving papers, but the surrogate will accept counsel's statement thereof.

The decedent here died July 17, 1940, and letters testamentary were issued August twelfth following. The decedent's will devised and bequeathed no property whatever to his widow. The reasons, although perhaps sound, are unimportant here. The decedent's widow died October 21, 1940, and an application for letters of administration upon her estate is now pending. It was further stated as a fact that the widow was an incompetent, that her

husband was her committee, and that no successor committee to the husband was appointed. Obviously under these circumstances, there could have been no election to take as in intestacy filed by the widow's committee against her husband's estate.

There is an exemption claimed in behalf of the widow of an amount stated to be her distributive share had an election to take against the will been made by her, or in her behalf, and the result of this claimed exemption would result in freeing this estate of estate tax.

While it is true that section 18 of the Decedent Estate Law should be liberally construed (*Matter of Collins*, 156 Misc. 783; *Matter of Greenberg*, 261 N. Y. 474), such construction cannot go to the extent of presuming that an act was done when, as matter of fact, it unquestionably was not performed.

This right of election is explicitly stated in the statute creating it to be " a personal right of election " which must be exercised by the spouse, and in case of disability such as infancy or incompetency by the general guardian or committee. (Dec. Est. Law, § 18, subds. 1–6.)

The Commission which studied this subject and drafted the statute stated very explicitly in its report that this right was a personal one (Combined Reports of the Commission to Investigate Defects in the Laws of Estates [1935], p. 189), and the decisions have so held. (*Matter of Coffin*, 152 Misc. 619; *Matter of Froman*, 165 id. 400.)

It is also the rule that this right of election being personal does not survive the death of the person having such right. (*Matter of Mihlman*, 140 Misc. 535; *Matter of Coffin*, 152 id. 619; *Matter of Froman*, 165 id. 400; *Matter of Ackler*, 168 id. 623; *Matter of Brown*, 212 App. Div. 677; affd., 240 N. Y. 646.)

The right being personal, then obviously it cannot be exercised after the death of the person having such right even by his or her executor or administrator. (*Matter of Froman*, 165 Misc. 400; *Matter of Ackler*, 168 id. 623; *Matter of Brown*, 212 App. Div. 677; affd., 240 N. Y. 646; *Flynn* v. *McDermott*, 183 id. 62.)

The reason for the lack of power of a personal representative to make this election for his decedent is well expressed in *Matter of Ackler* (168 Misc. 623, 626, 627) in these words: " The purpose of this limited right of election is to avoid financial embarrassment to the surviving spouse during that critical period of readjustment following death and not to fatten the bounty of testamentary beneficiaries or to enhance the value of the shares of the recipients of the intestate property when the spouse who survives has failed to exercise the right of election prior to death." Continuing this

thought it is very doubtful if it would be claimed in this estate that even though no election was made the widow's intestate share in her husband's estate, as provided in section 18 of the Decedent Estate Law, should be paid to the widow's administratrix to be in turn paid over to her distributees.

The motion to exempt will be denied and an order may be presented fixing the tax in accordance with this opinion.

Settle order on five days' notice or by consent.