In the Matter of the Estate of FANNY D. YOUNGS, Deceased.
LeRoy E. RAYNOR, as Executor, etc., of FANNY D. YOUNGS, Deceased, Petitioner; FRANK J. McMANN, Committee of the Person and Property of ALBERT C. YOUNGS, an Incompetent Person, Deceased, Respondent.

Surrogate's Court, Suffolk County, December 12, 1940

*LeRoy E. Raynor*, for the petitioner.

*Frank J. McMann*, for the respondent.

HAWKINS, S. Fanny D. Youngs died August 19, 1939, leaving a will dated August 26, 1936, which was duly probated October 30, 1939.

She left surviving a husband, Albert C. Youngs, an incompetent, for whom a committee was duly appointed by the Supreme Court. The said husband, Albert C. Youngs, died at five P. M. on March 5, 1940, and at six-thirty-five P. M. on the same date a notice of election pursuant to section 18 of the Decedent Estate Law, was served upon the executor of the estate of said Fanny D. Youngs.

The question before the court is as to the validity of the notice of election so served.

Section 18 provides:

" 1. Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section. * * *

" 6. The election as herein provided may be made by the general guardian of an infant, when authorized so to do by the surrogate having jurisdiction of the decedent's estate, or may be made in behalf of an incompetent when authorized by the Supreme Court. * * *

" 8. Any question arising as to the right of election shall be determined by the Surrogate's Court having jurisdiction of the estate in a proceeding brought for that purpose after the service of citation upon the persons interested, or in a proceeding for the judicial settlement of the accounts of the representative of the estate."

Before the committee is clothed with proper authority, it must secure an order from the Supreme Court to file such notice in behalf of said incompetent. This it did, by order signed on March 5, 1940, prior to the death of the incompetent.

Where a gift depends upon a statutory enactment in derogation of the common law, such statute must be strictly construed and followed.

The leading case in this State seems to be *Matter of Coffin* (152 Misc. 619) in which Surrogate WINGATE, with great clarity, reviews the cases and the law and shows such a right is personal, and must be performed during the lifetime of the claimant. (See, also, *Matter of Zweig*, 145 Misc. 839.)

The procuring of the order was not a complete compliance with the statute. It must have been served and filed, and upon the death of the incompetent, no one was clothed with power to act for the deceased, which action was necessary to comply with the law.

The notice of election further provided the election was of a will dated August 26, 1926, whereas the will in question is dated August 26, 1936. This is no doubt a clerical error.

It cannot be said that sufficient time had not been given as letters were issued on October 30, 1939, and the committee had had between four and five months to serve such a notice.

The purpose of appointment of a committee is to safeguard the rights of an incompetent. Surely no rights existed in either the incompetent or the committee after the death of the incompetent.

To hold otherwise, would be to now divert the funds of this estate against the expressed wishes of deceased, and contrary to statutory construction.

I hold, therefore, the notice of election was ineffectual and void.

Decree accordingly.