In the Matter of the Accounting of CHARLES ZALEWSKI, as Executor of JOSEPH ZALEWSKI, Deceased, Respondent. FELICJA ZALEWSKI, by the Consul General of the Republic of Poland, Appellant.—

The Consul was not entitled by virtue of his status at common law or the provisions of an existent treaty to exercise a right which was personal to the widow. The office of the Consul is no more extensive in that respect than that of a committee of an incompetent. (See *Matter of Hills,* 264 N. Y. 349, 353; *Matter of Brown,* 212 App. Div. 677, 679.) Present — Hagarty, Johnston, Adel, Taylor and Close, JJ. [177 Misc. 384.]

MANUFACTURERS TRUST COMPANY, as Trustee under the Will of ERNEST F. AYRAULT, for GUY AYRAULT, Appellant and Respondent, v. ABRAHAM KODZIESEN et al., Respondents and Appellants.—

No opinion. Present — Hagarty, Carswell, Johnston, Adel and Close, JJ.

MATTIE McCUTCHEON and DAVID C. McCUTCHEON amended to read, MATTIE McCUTCHEON and MATTIE McCUTCHEON, as Administratrix of DAVID C. McCUTCHEON, Deceased, Respondents, v. NATIONAL CITY BANK OF NEW YORK, Appellant, Impleaded with Others.—

Plaintiff Mattie McCutcheon was caused to fall by the raising of the edge of a sidewalk where it adjoined a strip of metal frame at the edge of a vault cover in front of premises in possession and control of the appellant. There was no defect in the vault cover or the metal strip which caused the accident. The accident was caused by virtue of a defective or sloping sidewalk. There was no obligation on the part of the appellant to maintain the sidewalk beyond the line of this vault cover, or any part thereof. (*Mullins* v. *Siegel-Cooper Co.,* 183 N. Y. 129; *City of Rochester* v. *Campbell,* 123 N. Y. 405; *Dedrick* v. *Schinasi,* 179 App. Div. 763.) Lazansky, P. J., Hagarty and Adel, JJ., concur; Carswell and Close, JJ., concur for reversal on the ground that the charge of the court erroneously invoked an inapplicable statute as a possible basis for a finding of liability. They dissent, however, as to dismissal of the complaint and vote for a new trial on the authority of *Schild* v. *C. P., N. & E. R. R. R. Co.* (133 N. Y. 446) and *Kolsch* v. *Huettner, Inc.* (250 App. Div. 202) and cases cited therein.