In the Matter of the Accounting of EVA MURIKA, as Executrix of GABRIEL SKEWRYS, Deceased.

Surrogate's Court, Westchester County, February 21, 1944.

*Blum & Jolles* for Consul General of the Republic of Poland, petitioner.

*Irving Rosenberg* for Eva Murika, as executrix of Gabriel Skewrys, deceased.

*Francis A. McAnaney* for Alien Property Custodian.

GRIFFITHS, S. This is a proceeding brought under article 13 of the Surrogate's Court Act to sell the real property of the decedent for the purpose of distributing their respective shares of the estate to the parties entitled thereto. The petition has been made by the Consul General of the Republic of Poland, acting in behalf of his national, Ksenia Skewrys, the surviving spouse of the decedent. It appears that prior to the commencement of this proceeding said spouse, now residing in Polish territory occupied by German military forces, had validly exercised her right of election pursuant to section 18 of the Decedent Estate Law. The Alien Property Custodian, appearing in support of the instant petition, has not filed an order vesting in him any interest in this estate.

The executrix contends that the provisions of the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, §§ 2, 7) preclude the institution of this proceeding on behalf of a Polish national residing within territory occupied by enemy forces.

Although Poland is occupied by the enemy, its sovereignty remains unimpaired, and existing mutual treaty obligations, including consular rights, are accorded full recognition by the United States of America. The terms of the treaty between the Republic of Poland and the United States of America (Treaty of Friendship, Commerce and Consular Rights, dated June 15, 1931, ratified and confirmed July 10, 1933; 48 U. S. Stat. 1507) are therefore binding and subject to enforcement in all courts of this State. (*Matter of Schurz,* 28 N. Y. S. 2d 165.)

Not only are foreign consular representatives deemed international attorneys in fact for their nationals (*The Bello Corrunes,* 6 Wheat. 152, 158; Butler on New York Surrogate Law & Practice, § 1751), but ordinarily they are by treaty also vested with special authority with regard to the representation of their nationals in all matters concerning the administration and distribution of the estate of a deceased person. The present treaty between Poland and the United States of America provides, in article XXIV thereof, as follows: " A consular officer of either High Contracting Party shall, within his district, have the right to appear personally or by delegate in all matters concerning the administration and distribution of the estate of a deceased

person under the jurisdiction of the local authorities for all such heirs or legatees in said estate, either minors or adults, as may be nonresidents and nationals of the country represented by the said consular officer with the same effect as if he held their power of attorney to represent them unless such heirs or legatees themselves have appeared either in person or by duly authorized representative.'' The authority granted under the above-quoted provision clearly enables the Consul General of the Republic of Poland to institute this proceeding on behalf of his national. (*Matter of Castorino*, 259 App. Div. 861; *Matter of Katz*, 152 Misc. 757; *Matter of Flaum*, 180 Misc. 1025; *Matter of Lew*, N. Y. L. J. May 26, 1943, p. 2060, col. 3.)

An appropriate order will be made directing that the real property be sold at private sale or at public auction, subject to approval by the Surrogate, and further providing that the executrix, individually, may purchase the subject property on any such sale.

Settle order.