JOHN DALISA, Plaintiff, *v.* HELEN P. DUMOFF, Individually and as Executrix of SUE PANNEN, Deceased, et al., Defendants.

Supreme Court, Special Term, Queens County, June 2, 1954.

*Irving Schneider* for plaintiff.

*George F. Brennan* for defendants.

COLDEN, J. On April 6, 1953, plaintiff obtained a judgment against the defendant Pannen (hereinafter called the defendant) in the sum of $6,880.45 in an action based on promissory notes which were due and unpaid since 1949. No part of said judgment has been paid and the defendant apparently has no property which can be levied upon to satisfy the judgment.

On April 29, 1952, defendant's wife died leaving a last will and testament which was duly admitted to probate in the Surrogate's Court of Queens County. Letters testamentary were issued to the defendant Dumoff (hereinafter called the executrix). By the terms of her will defendant's wife made no provision for her husband but left all of her property to two daughters, of whom the executrix is one.

On May 8, 1952, defendant executed a waiver of his right to elect against the will. Subdivision 9 of section 18 of the Decedent Estate Law provides in part: '' The husband or wife, *during the lifetime of the other*, may waive or release the right of election ''. (Emphasis supplied.) Said section makes no express provision for executing a waiver after the death of the spouse, probably because the same result can be accomplished by the surviving spouse's inaction, that is, his failure to file a notice of election within six months after the issuance of letters testamentary. On the other hand, there is no express prohibition forbidding a surviving spouse from executing a waiver. In any event, defendant executed a waiver about nine days after his wife's death.

Plaintiff claims that the defendant executed the waiver pursuant to a fraudulent conspiracy between the defendant and the executrix for the purpose of divesting himself of his interest in his wife's estate so as to put it beyond the reach of the plaintiff who would like to satisfy his judgment. It is not alleged, however, nor was there any proof, that there is a

collusive agreement between the defendants whereby the executrix holds any of said property in trust for the defendant or to his use. Plaintiff seeks judgment setting aside the waiver and declaring the defendant to be entitled to a one-third interest in his wife's estate and for incidental relief.

The right of election given to a spouse by section 18 of the Decedent Estate Law is a personal right which can be exercised only by the surviving spouse (*Matter of Hills,* 264 N. Y. 349). It has been held that even the United States Attorney General as successor to the Alien Property Custodian may not exercise the right on behalf of a surviving spouse (*Matter of Herter,* 193 Misc. 602, affd. 274 App. Div. 979, affd. 300 N. Y. 532). It follows that plaintiff, even though a creditor of the defendant, could not file a notice of election on behalf of the defendant.

Furthermore, the right of election exists only when the will fails to make the prescribed minimum provision for the surviving spouse. If such provision be made, no right of election exists. Yet it would be within the power of the surviving spouse to renounce the legacy provided for him if he did so within a reasonable time (*Matter of Wilson,* 298 N. Y. 398). If, therefore, a debtor may renounce a legacy, it follows a fortiori that he may acquiesce in the provisions of a will which fails to provide a legacy for him.

Since the defendant cannot be forced to accept a legacy, he cannot be forced to elect against the will; and since the right of election is personal and cannot be exercised by others on behalf of the defendant, no useful purpose will be accomplished by setting aside defendant's waiver of his right of election.

Accordingly judgment is granted in favor of the defendants dismissing the complaint, without costs.

Proceed on notice.