JOHN DALISA, Appellant, v. HELEN P. DUMOFF, Individually and as Executrix of SUE PANNEN, Deceased, et al., Respondents.— In an action by a judgment creditor to set aside the waiver by the judgment debtor of his right of election against the will of his deceased wife from which he had been excluded, to declare the judgment debtor to be entitled to a one-third interest in his wife's estate, and for other relief, plaintiff appeals from a judgment dismissing the complaint. Judgment unanimously affirmed, with costs. The right of election granted by section 18 of the Decedent Estate Law is personal to the surviving spouse. (*Matter of Hills,* 264 N. Y. 349; *Fleming's Estate,* 217 Pa. 610.) It cannot be exercised in his behalf by a party acting in hostility to the spouse, nor may he be compelled to exercise it for the benefit of his creditors. (*Matter of Herter,* 193 Misc. 602, affd. 274 App. Div. 979, affd. 300 N. Y. 532.) Present — Nolan, P. J., Wenzel, Schmidt, Murphy and Ughetta, JJ. [206 Misc. 259.] [See *post,* p. 967.]

■

GRACE HELFRICH, Appellant, v. MARY F. CERMAK, Respondent, et al., Defendant.— Action for an injunction to direct the removal of a garage from a common right of way, insofar as it encroaches thereon, and for damages. The appeal is from a judgment which denies injunctive relief, decrees that respondent shall acquire no prescriptive rights by virtue of the encroachment, and grants nominal damages to appellant. Judgment unanimously affirmed, with costs. No opinion. Present — MacCrate, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ. [See *post,* p. 1013.]