Millard L. Midonick, S.
This is an application by a non-domiciliary surviving spouse to substitute her personally signed right of election against the will for an earlier election filed and executed by the Consul of the U.S.S.R. on her behalf. Petition shows that the decedent died on August 7, 1975 leaving a will dated April 5, 1974 which was admitted to probate in this court on December 15, 1975. The last date to file a notice of election would fall on June 15, 1976, subject to court approval for an extension until December 15, 1976. (EPTL 5-1.1.) The earlier notice of election was filed on June 11, 1976.
Petitioner is concerned whether in some way the earlier notice may be declared invalid. The right of election is personal to the surviving spouse, except that an election may be made by the guardian of an infant or the committee of an incompetent, if either fiduciary were authorized by the court which had jurisdiction over him.
It has been held that a guardian ad litem has no authority or power to exercise the right of election on behalf of his ward. (Matter of Fuller, 33 AD2d 1095.) The question as to whether or not a Consul General could exercise such election on behalf of his national was affirmatively answered by the Court of Appeals in Matter of Zalewski (292 NY 332). It was there held that the consul of a foreign government may under existing treaty arrangements between his government and the Government of the United States, with or without direct authorization by or communication from his national who resides in a foreign country, validly exercise on behalf of that national right to elect against a will.
The Zalewski case was codified in EPTL 5-1.1 (subd [d], par [3], cl [C]) as enacted in 1966 (L 1966, ch 952). This provision was eliminated by amendment to the statute in 1967. Professor Hoffman states this amendment came about "as the result of strong opposition thereto that developed among the Com *625 missioners. The elimination of this provision from the statute very likely abrogates the Zalewski case.” (Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 5-1.1, p 570; Warren’s Heaton, Surrogates’ Courts [§ 304, par 2] points out, however, that the revisers give no reason for the removal of the provision. "In the amendments made by the Laws of 1967 to the Estates, Powers and Trusts Law, this subdivision was removed and there is no statement made in the Revisers’ Notes as to the reason for the removal. Presumably, therefore, Matter of Zalewskisince it is a Court of Appeals decision, still states the law.” Whether or not Zalewski still states the law there can be no doubt that the rights, powers and duties of consuls to act as personal representative rests upon international law irrespective of whether or not he has been accorded the right by treaty or otherwise.
"The authority of a consul to protect the estates of his countrymen within his consulate from loss or waste is recognized by all civilized nations as inherent in the office of consul under the accepted principles of international law, and the courts have consistently given recognition to the power of a foreign consular officer recognized by the United States to assert or defend the property rights of his nationals irrespective of whether or not he has been accorded the right to represent them in court by provision of treaty or otherwise. Even in the absence of specific authorization to act as the personal agent of his national, and in the absence of a treaty, a consul duly recognized by the United States has under the principles of international law the authority and the privilege to represent his fellow countrymen in the courts of the state.” (4 Am Jur 2d, Ambassadors and Consuls, § 18, p 101.) (Matter of Bedo, 207 Misc 35.) In that regard it has been held that foreign consular officers are deemed international attorneys-in-fact for their nationals. (Matter of Skewrys, 181 Misc 479.) A reading of the pertinent provisions of the treaty in this case discloses that a consular officer of the Soviet Union may represent the interests of his national in the United States in an estate unless or until such national is otherwise represented "provided, however, that nothing herein shall authorize a consular officer to act as an attorney at law”. (Consular Convention and Protocol between United States and the U.S.S.R., art 10, subd 2, par [c]; 19 UST 5018, 5025.)
The right of election is personal to the spouse in the sense that it may not after death be exercised by the personal *626 representative, nor by devisees or legatees, or during the spouse’s lifetime by creditors. Despite the personal character of this right, the spouse is not precluded from delegating such right to a third person to make an election in a specified manner under the spouse’s direction.
The personal right of election does not require that the writing be subscribed by the spouse’s own handwriting and the act described may be performed either by the spouse or by the spouse’s duly authorized agent or attorney-in-fact (Matter of Banks, 31 NYS2d 652; _ see Right of Agent or Personal Representative to Make Election, Ann., 85 ALR 856, and cases cited therein).
Although the court is not requested to pass upon the validity of the earlier election it is of the opinion that the present treaty clearly enables the consul to act as attorney-in-fact for the spouse in this case. The later election executed by the surviving spouse certainly ratifies the acts of the consul and would support a finding by the court that the earlier election is valid. The same result is reached if this were regarded as a new election.
The record before the court shows that the later election was filed within the 12-month period permitted subject to court approval, and that the account has not been judicially settled. (EPTL 5-1.1.) There is a showing on the record of reasonable cause for relieving such default, even though no default is shown by reason of the consul’s action. Upon the facts and circumstances presented the court determines upon the basis of all of the foregoing that the spouse’s personally signed election dated August 2, 1976 may be substituted for the valid election filed and executed by her consul on her behalf.