394 So.2d 1146 (1981)
In re ESTATE of Anna C. ANDERSON, Deceased.
No. 80-1409.
District Court of Appeal of Florida, Fourth District.
March 11, 1981.
Raymond W. Gearey of Ruden, Barnett, McCloskey, Schuster & Russell, Fort Lauderdale, for appellant Allan E. Anderson.
Larry F. Witte of Grimditch, Bentz, Witte & Wunker, P.A., Pompano Beach, for appellee Larry F. Witte, as Personal Representative of the Estate of Anna C. Anderson, Deceased.
SHARP, G.K., Associate Judge.
Appellant, Allan Anderson, is the personal representative of his father, David Anderson's estate. David's wife, Anna, died on January 18, 1980, in Broward County, leaving her estate to assorted friends and relatives not including her husband, who had previously been declared incompetent and was the ward of his son, Allan Anderson. Husband was living with his son in South Carolina and died shortly after his wife on March 16, 1980, never having exercised his right to take elective share under the Florida Probate Code. The issue presented is whether a personal representative may exercise the right of election.
Section 732.210, Florida Statutes (1979), provides:
By whom exercisable.  The right of election may be exercised:
(1) By the surviving spouse,
(2) By a guardian of the property of the surviving spouse. The court having jurisdiction of the probate proceeding shall determine the election as the best interests of the surviving spouse require.
Appellant seeks to have this court extend the statute to include the personal representative of the estate of a surviving spouse. This was not the intent of the statute.
The elective share is a substitute for dower and curtesy, which were abolished by Section 732.111, Florida Statutes (1979). The purpose of dower and curtesy was to insure provision for the surviving spouse's needs. When the surviving spouse dies, no like purpose remains.
The only reason for allowing the personal representative of the surviving spouse to make the election would be to increase the estate and benefit the heirs and devisees of the surviving spouse.
In re Estate of Pearson, 192 So.2d 89 (Fla. 2d DCA 1966) determined that enriching the surviving spouse's estate and passing something on to kinspeople has no place *1147 in the court's consideration. The reasoning set forth in In re Estate of Pearson, supra, as applied to the elective share is still sound.
We hold that the elective share is for the express purpose of caring for the surviving spouse and not to augment the estate for the benefit of heirs.
For the above reasons, the order appealed from is affirmed.
AFFIRMED.
MOORE and HURLEY, JJ., concur.