**In re Joseph E. McCOURT, Debtor.**

**Bankruptcy No. 81 B 20324.**

United States Bankruptcy Court,
S. D. New York.

July 17, 1981.

---

**3.** *See also, In re Fisher,* 6 B.R. 206, 2 C.B.C.2d 1335 (Bkrtcy.N.D.Ohio 1980).

Joseph Hirschfield, White Plains, N. Y., for debtor.

Sidney Turner, White Plains, N. Y., trustee.

DECISION ON ORDER TO SHOW CAUSE FOR AN ORDER DIRECTING DEBTOR TO EXECUTE RIGHT OF ELECTION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Crucial to the resolution of the conflict in this case is whether or not a distinction should be drawn between property rights of a debtor that pass to a trustee in bankruptcy under Code § 541 and personal rights of a debtor which may or may not be exercised by him as he sees fit. The trustee in bankruptcy seeks an order under Code § 521(2) directing the debtor to cooperate with the trustee and execute a right of election to which he is entitled under the New York State Estate Powers and Trust Law, Section 5–1.1 against the estate of the debtor's deceased wife so as to entitle the debtor to receive one-third of her estate.

## FACTS

1. The facts are not disputed. On May 20, 1981 the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978. Pursuant to Code § 301, the commencement of a voluntary case constitutes an order for relief under such Chapter. The interim trustee in bankruptcy, who was appointed by the United States Trustee in accordance with Code § 15701(a) became the permanent trustee in this case.

2. On August 5, 1968 debtor and his wife, Margaret P. McCourt purchased jointly a real estate parcel located at 141 Lakeview Avenue, Hartsdale, New York. On June 24, 1972 the debtor conveyed the property at 141 Lakeview Avenue, Hartsdale, New York to his wife, Margaret P. McCourt, thus making her the sole owner. The debtor has lived at the premises from August 5, 1968 through the present time.

3. Margaret McCourt died on October 13, 1980. Under her will dated June 27, 1974, which was admitted to probate on February 9, 1981,[1] she left all of her property to her father, one Vito Varlotta. No property was left to any members of her family including her husband, the debtor Joseph McCourt.

4. The debtor has not yet filed a Notice of Election against the estate as a

---

1. The date of the execution of the will (6/27/74) brings it within the purview of EPTL 5–1.1(c)(1) which applies to wills executed on or after August 31, 1966.

surviving spouse.[2] Under EPTL 5–1.1 the election must be made within six months from the date of issuance of letters testamentary. Letters were issued to Joseph McCourt as Executor under decedent's will on February 9, 1981. Therefore the six-month period expires on August 9, 1981.[3]

5. The trustee has been provided with an appraisal of the property located at 141 Lakeview Avenue, Hartsdale, New York, prepared by one Joseph R. Warren, a licensed real estate broker for the purpose of evaluating the premises for the Estate of Margaret McCourt. Mr. Warren values the property at $110,000.00 as of October 13, 1980. The property is presently encumbered by a mortgage held by Hastings-On-Hudson Federal Loan Association in the amount of $35,000.00 as of November 30, 1976.

6. The trustee asserts that based on the above figures, the equity in the property is at least $75,000, and that Mr. McCourt is entitled under EPTL 5–1.1(c)(1)(B) to exercise a right of election to one-third of the net estate left by his deceased spouse. It is mathematically correct that the amount in question would be $25,000. The trustee contends that the debtor's failure thus far to exercise his right of election against the will is a conscious and deliberate plan to place assets that the debtor would be entitled to under law beyond the reach of his creditors.

## DISCUSSION

The trustee in bankruptcy draws upon Code § 521(2), which directs a debtor to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under . . . [Title 11 of the Act]." One of the most important duties imposed upon the trustee is to gather in for the estate and creditors all of the property of the estate, as encompassed under Code § 541, which includes "all legal or equitable interests of the debtor in *property* as of the commencement of the case." [Emphasis added]. The emphasis throughout Code § 541 is placed upon the debtor's interests in property. In the instant case, the trustee concedes that he is not seeking to reach an interest of the debtor in property, but rather the debtor's personal statutory right of election with respect to his deceased wife's estate. Indeed, the trustee ignores the distinction between property interests and personal interests when he states that "the debtor's estate . . . consists of all the legal and equitable interests of the debtor as of the commencement of the case" and that "the filing of the petition by the debtor creates an estate which is comprised of all interests of the debtor whatever the nature of the interest."

By deleting the words "in property" when describing the debtor's interests under Code § 541, the trustee substantially changes the meaning of this section. Until the debtor exercises his personal statutory right to the election, no rights in his deceased wife's property are ascribable to the debtor. That the interest in question is solely of a personal nature and not a property right is made clear by the New York Surrogate's Court in *In re Herter's Estate*, 193 Misc. 602, 607, 83 N.Y.S.2d 36, 41, affirmed 274 App.Div. 979, 84 N.Y.S.2d 913, affirmed 300 N.Y. 532, 89 N.E.2d 252 (1948), where it said with respect to the statutory right of election:

"The act grants no property right in *esse*, but only a property right in *posse* which springs into existence only if the statutory right is exercised under the conditions which create the right only as

**2.** Pursuant to EPTL 5–1.1(c)(1) for wills executed after August 31, 1966 where the testator disposes of his entire estate in his will a personal right of election is given to the surviving spouse to take a share of the decedent's estate. An elective share of one-third the net estate is available if the deceased is survived by one or more issue. The trustee bases his claim on a one-third share, although it is unclear from the facts whether or not he deceased was survived by issue.

**3.** In trustee's sworn statement accompanying the order to show cause item # 10 indicates that the 6 month period expires on July 9, 1981. It is mathematically correct that a six month period commencing February 9, 1981 will end on August 9, 1981.

of the time of the exercise of the election."

Manifestly, the debtor has no rights in the property in his deceased wife's estate unless and until he exercises his personal right of election. The trustee seeks to force the debtor to exercise his election. Moreover, the trustee also urges that he can exercise the right of election on behalf of the debtor on the theory that the right was assigned to him as a matter of law when the debtor filed his petition in bankruptcy. The trustee reasons that the filing of a petition in bankruptcy is tantamount to an assignment of the debtor's interest in the deceased wife's estate, in that the debtor should be deemed to have agreed to convey all of his rights with respect to his deceased wife's estate for the purpose of liquidating his estate in bankruptcy. The trustee's argument elides the fact that the debtor cannot assign an interest in property that he does not have. Having failed to exercise his personal right of election before the filing of his voluntary bankruptcy petition, the debtor has no property rights in his late wife's estate capable of being assigned to the trustee.

The personal nature of a surviving spouse's privilege to elect against a will has been uniformly stressed. *Matter of Ackler's Estate*, 168 Misc. 623, 626–7, 6 N.Y.S.2d 128 (1938); *Matter of Brill's Estate*, 175 Misc. 236, 237, 22 N.Y.S.2d 966 (1940); *Matter of Young's Estate*, 175 Misc. 716, 717, 718, 25 N.Y.S.2d 811, 813 (1941); *Estate of Vladimir Charkowsky*, 89 Misc.2d 623, 392 N.Y.S.2d 368 (1977).

. Although the New York Decedent Estate Law (DEL) was superseded as of September 1, 1966 by the Estate, Powers & Trusts Law (EPTL) the principle that the statutory right of election is personal to the surviving spouse is specifically delineated in sections 5–1.1(a)(1), (c)(1) and (4) and (d)(4) and has been followed by the cases construing EPTL § 5–1.1, which derived from DEL § 18.

Thus, in *In re Brill's Estate*, 175 Misc. 236, 237, 22 N.Y.S.2d 966, 967 (1940), the Surrogate's Court said as follows:

"A surviving spouse's right of election to take against the will of a deceased spouse is a 'personal right' which must be exercised by the surviving spouse, or, in case of disability such as infancy or incompetency, by the general guardian or committee."

Similarly, in *Estate of Vladimir Charkowsky*, 89 Misc.2d 623, 624, 392 N.Y.S.2d 368, 369 (1977), the court said:

"The right of election against the will is personal to the surviving spouse, except that an election may be made by the guardian of an infant or the committee of an incompetent, if either fiduciary were authorized by the court which had jurisdiction over him."

Hence, the courts have recognized that a personal power conferred by statute, such as the surviving spouse's right to elect against a will, requires personal action by the benefitted individual for its exercise, *In re Zalewski's Estate*, 177 Misc. 384, 30 N.Y.S.2d 658, affirmed 265 App.Div. 878, 38 N.Y.S.2d 37, appeal denied 265 App.Div. 1002, 39 N.Y.S.2d 619 (1942), except in the two situations in which the surviving spouse is an infant or incompetent and personal action by the surviving spouse is impossible or extremely difficult. However, there have been a few cases which hold that a foreign consular officer may exercise the right of election on behalf of a surviving spouse, under principles of international law, as they are deemed international attorneys-in-fact for their nationals. *Estate of Vladimir Charkowsky*, 89 Misc.2d 623, 625, 392 N.Y.S.2d 368, 370 (1977).

The EPTL expressly provides that an election may be made by the guardian of property of an infant spouse (5–1.1(d)(4)(A)) or by the committee of an incompetent spouse (5–1.1(d)(4)(B)).

■ The absence of an express grant of authority allowing any other persons to exercise the election on behalf of the surviving spouse indicates a legislative intent, by application of the principle *inclusio unius est exclusio alterius*, to limit them to those enumerated. *In re Zalewski's Estate*, 177

Misc. 384, 387, 30 N.Y.S.2d 658, affirmed 265 App.Div. 878, 38 N.Y.S.2d 37, appeal denied 265 App.Div. 1002, 39 N.Y.S.2d 619 (1942); *Matter of Burger's Estate*, 155 Misc. 503, 506, 280 N.Y.S. 207 (1935). "The choice of waiver or assertion of the right rests with the individual upon whom the right has been conferred by law," *Zalewski*, 177 Misc. at 387, 30 N.Y.S.2d 658; *Matter of Hill's Will*, 264 N.Y. 349, 354, 191 N.E. 12, 13 (1934), "and where a question of personal choice is involved its exercise must rest upon the decision of the individual to whom such privilege of choice has been granted, in the absence of an express grant of authority to some other person to make the relevant decision on his behalf." *Zalewski*, 177 Misc. at 387, 30 N.Y.S.2d 658; *Matter of Donnelly's Estate*, 172 Misc. 107, 110, 14 N.Y.S.2d 700 (1939).

The *Charkowsky* case, supra, does state however, that the personal nature of the right of election does not preclude the spouse from delegating his personal right to a third person "to make an election in a specified manner under the spouse's direction." 89 Misc.2d at 625, 392 N.Y.S.2d 368, 370 (1977). The debtor's having the *choice* of delegating the right of election cannot be viewed in the same light as being *required* on demand of the trustee in bankruptcy to exercise this right for the benefit of creditors who may then reach assets in which the surviving spouse, by executing his election, then has a vested interest.

In *Dalisa v. Dumoff*, 206 Misc. 259, 132 N.Y.S.2d 550 affirmed, 286 App.Div. 856, 141 N.Y.S.2d 700, appeal denied, 286 App. Div. 967, 146 N.Y.S.2d 477 (1955), the plaintiff, a judgment creditor, brought an action to set aside defendant's waiver of his right of election against his deceased wife's will. If the waiver were set aside, the plaintiff could then reach the one-third interest in the deceased wife's estate to which the debtor would have been entitled, if he chose to exercise his right of election.

The Supreme Court dismissed the complaint, and the judgment creditor appealed. The Appellate Division held that the right of election is personal to the surviving spouse and that "[i]t cannot be exercised in his behalf by a party acting in hostility to the spouse, nor may he be compelled to exercise it for the benefit of his creditors." *Dalisa v. Dumoff*, 286 App.Div. 856, 141 N.Y.S.2d 700 (1955).

In sum, if the trustee, or a creditor, can neither compel the debtor to exercise the right of election, nor exercise it in his behalf, it necessarily follows that it is not an interest in property within the reach of Code § 541. In the circumstances of this case, the mandate of Code § 521(2) that the debtor should cooperate with the trustee does not extend to the involuntary exercise of a personal right that does not fall within the category of property interests comprising the debtor's estate as delineated under Code § 541.

## CONCLUSIONS OF LAW

1. The trustee in bankruptcy may not compel the debtor to exercise a statutory right of election with respect to the debtor's deceased wife's estate, nor may the trustee exercise such right of election for the debtor, because the unexercised statutory right is not a property interest.

2. The trustee's application is denied.

IT IS SO ORDERED.