715 A.2d 1045 (1998)
314 N.J. Super. 635
Robert ARAGON, Plaintiff,
v.
ESTATE OF Judith SNYDER, Glenn K. Snyder and James R. Snyder, Defendants.
Superior Court of New Jersey, Chancery Division, Monmouth County.
Decided July 9, 1998.[1]
*1046 Brett M. Reina, Warren, for plaintiff (Bivona, Cohen, Kunzman, Coley, Yospin, Bernstein & DiFrancesco).
Gary Botwinick, for defendants (Riker, Danzig, Scherer, Hyland & Perretti, Morristown).
FISHER, P.J.Ch.
New Jersey's elective share law, N.J.S.A. 3B:8-11, permits a surviving spouse to exercise a right to take an elective share of one-third of the augmented estate of a deceased spouse. Defendant James Snyder survives his late wife, Judith Snyder. Her will left him nothing, and he has not sought to exercise his right to an elective share. Plaintiff Robert Aragon, however, who previously recovered a money judgment against defendant James Snyder, seeks to recover against defendant's elective share in order to satisfy that judgment.[2] The pivotal issue not previously decided by any New Jersey court and not resolved with any certitude by the applicable statuteis whether the right to take an elective share is personal to the surviving spouse or whether a judgment creditor of that spouse may levy against that elective share.
New Jersey's statute was derived from the Uniform Probate Code (UPC). See In re Estate of Cole, 200 N.J.Super. 396, 402, 491 A.2d 770 (Ch.Div.1984). Nevertheless, there are differences in New Jersey's statute and its source which plaintiff has seized upon in seeking relief in this case. UPC § 2-203 states that "the right of election of the surviving spouse may be exercised only during his lifetime by him." Its New Jersey counterpart restates the text of the UPC version as follows: "the right of election to take an elective share by a surviving spouse may be exercised only during his lifetime." Plaintiff contends that the removal of the phrase "by him" found at the end of the UPC version, as well as a difference in the titles of the two versions, compels a finding that our Legislature did not intend to personalize the right of election when it adopted N.J.S.A. 3B:8-11.
This court disagrees. Despite a lack of legislative history to guide the court, it appears certain that this deliberate change in the version adopted in New Jersey is a mere grammatical modification of the UPC version, not deserving of the significance which plaintiff urges. Plaintiff makes much of the fact that our Legislature opted to remove the phrase "by him" at the end of the sentence enacted. What plaintiff fails to observe is the other significant change made to the wording of our statute. "The right of election of the surviving spouse" as stated in the UPC became, in New Jersey, "the right of election to take an elective share by a surviving spouse (emphasis added)." With that change in prepositions, the phrase "by him" found at the end of the UPC version becomes redundant and the true meaning of each version remains consistent.
The heading to N.J.S.A. 3B:8-11 ("who may exercise the right to take an elective share") is different from the title to the corresponding UPC section ("right of election personal to surviving spouse") (emphasis added). Plaintiff believes this means that the right to elect is not personal to the surviving spouse. Historically, the headnotes to our statutes were added by the printer after enactment by the Legislature and, thus, have not traditionally been used to interpret even the most ambiguous of statutes. While the title to an act provided by the Legislature may aid in construction, the headings or labels attached by the printer are not considered part of the statute and are not of intrinsic assistance in understanding the meaning of a statute. As stated in State v. Greene, 33 N.J.Super., 497, 500, 111 A.2d 65 (App.Div.1955), the words of the heading, "like the inscription on a tombstone," serve only to indicate what lies below. Indeed, even if credence was given to this argument, the court finds that the title to the New Jersey statute is not significantly disparate from the UPC version nor otherwise informative of the meaning of the statute.
*1047 Legislative intent is the touchstone in the interpretation of any statute. To be ascertained, courts examine the language of the statute while considering the statute's purpose. Having determined that the language of the statute does not support plaintiff's view, the court need look no further. But a search into the history and policies surrounding the enactment of New Jersey's elective share statute further supports the literal meaning ascribed to the statute itself. Until 1980, New Jersey remained one of the few states without such a statute. Previously, New Jersey courts relied on a statutory version of the ancient rights of dower and curtesy. Apparently, these concepts created a right in real property only and were easily defeated by the adroit minds of clever attorneys. "To remedy those defects and better protect the surviving spouse", the elective share statute was enacted. Cole, supra, 200 N.J.Super. at 402, 491 A.2d 770. Prior to its enactment, it was possible for decedents to deplete their entire estates during their lifetimes by gift or otherwise, so that at the time of death, the estate would have been completely or considerably depreciated. The effect was to disinherit the surviving spouse. The object of the elective share statute, as indicated in the statement appended to the Assembly bill, was the prohibition of the disinheriting of a spouse in need of continuous support. State Judiciary Comm., Statement To ASSEMBLY NO. 18, Nov. 19, 1979.
Statutes are to be read as a whole and consideration is to be given to all related sections. Courts seek to avoid a construction which will render part of a statute meaningless. As can be seen, to hold that the right of a surviving spouse to elect a share is anything but personal to that spouse would run contrary to the object of the elective share statute as a whole. Indeed, New Jersey's elective share statute is unique in that the surviving spouse is entitled to one-third of the augmented estate only to the extent that its value exceeds the value of the surviving spouse's independent property. N.J.S.A. 3B:8-18(a). That is, the value of the survivor's own independently-acquired property must be deducted from the calculated elective share. This is a substantial departure from the Uniform Probate Code provisions. Cole, supra, 200 N.J.Super. at 403-404, 491 A.2d 770. Unlike UPC § 2-207, which grants a share without regard to the spouse's own independently acquired sources, "our law grants that share only to the extent the spouse satisfies a test of need." Cole, supra, 200 N.J.Super. at 404, 491 A.2d 770.
The Legislature's intent in drafting and enacting the statute was to protect the surviving spouse from disinheritance and assure continuing support, if needed. The statute, as defendants correctly contend, is "imbued with a concept of need." It is elementary that a statute should be construed so that effect is given to all its provisions, such that no part will be inoperative or superfluous, void or insignificant, and so that no section will destroy or contradict another. McGlynn v. New Jersey Public Broadcasting Authority, 88 N.J. 112, 439 A.2d 54 (1981). Where uncertainty arises, the words used should be read in context with the entire act, and a meaning should be ascribed which avoids a strained or unreasonable construction. The proposition that the elective share may be attacked by a creditor runs contrary to the need-based concept upon which New Jersey's statute is based.
Similar statutes of other states can also be a useful aid in the process of interpretation. See Van Horn v. William Blanchard Co., 88 N.J. 91, 438 A.2d 552 (1981). This is particularly true where there exists a model bill or uniform law or code on a certain subject, such as the Uniform Probate Code, upon which most states have fashioned their own probate statutes. When uniform laws are adopted by states, courts may find it helpful to refer and follow decisions of the adopting states. See Richter v. Zoccoli, 8 N.J.Misc. 289 (1950).
Courts in Missouri, New York, Pennsylvania and Florida have addressed whether the right of election is personal to the surviving spouse. Each of these jurisdictions has answered this question `in the affirmative. It is true that, unlike New Jersey, all of these states' elective share statutes specifically express the personal nature of the right of *1048 election[3], whereas the personal nature of our statute can only be found through less expressive language and in the interstices of the statute itself. But, despite the different language of these statutes, this court finds the rationale asserted by the courts of these sister states to be consistent with the policies surrounding our own elective share statute. See Matter of Savage's Estate, 650 S.W.2d 346 (Mo.App.1983) (to permit a judgment creditor of a surviving spouse to appropriate those rights would defeat the statutory purpose, i.e., to provide for the maintenance of a surviving spouse); Dalisa v. Dumoff, 206 Misc. 259, 132 N.Y.S.2d 550 (1954), aff'd 286 A.D.2d 856, 141 N.Y.S.2d 700 (1955) (a widow cannot be compelled to elect by her creditors or anyone else, as the right of election given to a spouse is a personal right which can be exercised only by the surviving spouse); In re Harris, 351 Pa. 368, 41 A.2d 715 (1945) (the right to elect is a personal privilege and a widow cannot be required to elect by her creditors or anyone else); Kearley v. Crawford, 112 Fla. 43, 151 So. 293 (1933) (an election to take under or against a will is a personal right of the legatee or devisee which cannot be controlled by his creditors).
The primary rule of statutory construction is to give words their literal significance unless it clearly appears from the text and purpose of the statute that a different meaning should pertain. Nothing in the elective share statute itself, or in the purpose behind the act, or in the uniform law which is its source, suggests anything but that the right to take an elective share may be exercised only "by a surviving spouse" and not by a surviving spouse's creditor.
For these reasons, defendant's motion to dismiss shall be granted and the complaint dismissed.
NOTES
[1] This opinion supersedes the oral opinion rendered by the court on April 24, 1998.
[2] On or about April 16, 1993, plaintiff recovered a judgment against defendant James Snyder in the amount of $92,099.97 in an action that was commenced in the Superior Court of New Jersey, Law Division (Monmouth County), under Docket No. L-168-92. At the present time, approximately $82,000 remains due.
[3] MO.STAT.ANN. § 474.200 (1997), entitled "right of election personal to surviving spouse," provides in pertinent part, "right of election of the surviving spouse is personal to him. It is not transferable and cannot be exercised after his death...."

McKINNEY'S (N.Y.) EPTL § 5-1.1-A (1997), entitled "right of election by surviving spouse," provides in pertinent part, that the right is "a personal right of election is given to the surviving spouse to take a share of the decedent's estate, subject to the following...."
PA.STAT.ANN. § 2206 (1997), entitled "right of election personal to surviving spouse," provides in pertinent part, "the right of election of the surviving spouse may be exercised in whole or in part only during his lifetime by him or by his attorney-in-fact in accordance with section 5603(d)...."
FL.STAT.ANN. § 732.210 (1997), entitled "right of election; by whom exercisable," provides in pertinent part, "the right of election may be exercised (1) by the surviving spouse; (2) by a guardian of the property of the surviving spouse...."