In re Irving BRAND, Debtor.

No. 00–30869–BKC–SHF.

United States Bankruptcy Court,
S.D. Florida,
West Palm Beach Division.

Aug. 17, 2000.

Robert C. Furr, Boca Raton, FL, for Debtor.

Michael R. Bakst, West Palm Beach, FL, for Chapter 7 Trustee.

Stuart A. Rader, Boca Raton, FL, for Estate of Shirley Brand.

Deborah C. Menotte, West Palm Beach, FL, trustee.

***ORDER OVERRULING TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS IN PART AND GRANTING DEBTOR'S MOTION FOR DETERMINATION THAT ELECTIVE SHARE RIGHTS IN THE ESTATE OF SHIRLEY BRAND ARE NOT PROPERTY OF THE ESTATE***

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This cause came on to be heard on July 6, 2000, upon the Trustee's Objection to

Claimed Exemptions. In the Objection, the Trustee asserts the 30% Elective Share in the probate estate of Shirley Brand (Debtor's deceased wife) pursuant to FLA.PROB.R. 5.360 and FLA.STAT. § 723.201–732.215 et seq. as property of the bankruptcy estate.[1] [C.P. 32] The Debtor has responded to this objection by arguing that the Trustee has neither the standing nor the right to make the election to take an elective share in Shirley Brand's estate. [C.P. 40] The Debtor also has filed a motion to determine that elective share rights in the estate of Shirley Brand are not property of the estate [C.P. 41] and a motion to require the Trustee to withdraw the Notice of Elective Share. [C.P. 42] Upon reviewing the pleadings; the memoranda of law submitted by the parties; and being otherwise fully advised in the premises, the Court overrules the Trustee's objection, grants the Debtor's motion for determination that Elective Share rights in the estate of Shirley Brand are not property of the estate, and grants Debtor's motion to require Trustee to withdraw Notice of Elective Share.

### FACTS

The Debtor filed his chapter 7 petition on March 1, 2000. The Debtor's wife Shirley Brand ("Wife") died on January 17, 2000. The Last Will and Testament of Wife names her son Myles Brand as personal representative and provides that all of her property is to be placed into a Testamentary Trust with her son as trustee. Pursuant to a spendthrift provision in the trust, the son has discretion to distribute the income of the trust to the Debtor during the Debtor's lifetime. The beneficiaries of the trust principal are the two children of the Wife and Debtor, who will receive distributions upon the death of the Debtor. The Wife's will bequests nothing else to the Debtor.

After filing the chapter 7 bankruptcy petition, the Debtor filed schedules, asserting that his interest in the Testamentary Trust is exempt based upon the spendthrift provision contained in the trust. On Schedule B–19, the Debtor also listed: "Elective Share interest in Decedent's estate pursuant to [Florida Statute § ] 732.201. (Wife, Shirley Brand—deceased January 17, 2000) Zero value." The Trustee asserts that the elective share is a property interest of the Debtor that existed at the time the Debtor filed his bankruptcy petition, making it property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a). As such, the Trustee contends that she not only has the right to elect but "is the only person that can file the notice of election before the probate court because whatever interest the Debtor had in the will of his wife was property of the estate on the date of the bankruptcy filing." [C.P. 54] The Trustee argues that the listing of the elective share interest on the Debtor's schedules is an admission by the Debtor that the elective share interest is property of the bankruptcy estate. According to the Debtor, the elective share interest was listed on his schedules "out of an abundance of caution" and was valued at zero because there is no value to the right of election until it is exercised. [C.P. 41] The Debtor has not exercised and does not intend to exercise his right of election as a surviving spouse against the estate of his Wife. In addition, the Debtor argues that the Trustee has no standing to file notice of election, as the right of election is a personal one that may only be exercised

---

1. The claimed exemptions objected to by the Trustee also include: (1) a Washington Mutual Bank checking account, (2) personal property to the extent that it exceeds $1,000, and (3) the Debtor's interest in the Testamentary Trust under the will of his wife, Shirley Brand. In addition, the Trustee reserved the right to challenge the creation of the trust as a fraudulent transfer (either through the will or the transfer of assets by Debtor to his wife prior to her death). [C.P. 32] The Debtor and the Trustee resolved some of these issues, but others still remain pending. This Order does not affect the disposition of any issues other than that of the Trustee's assertion to make the election for the elective share in place of the Debtor to augment the bankruptcy estate.

by the surviving spouse, an attorney in fact, or a guardian of the property of the surviving spouse pursuant to Florida Statute § 732.2125. [C.P. 40 & 53]

### *DISCUSSION*

■ The issue before the Court is whether a bankruptcy trustee may exercise a debtor's right of election to take an elective share in a decedent's estate in place of the debtor (surviving spouse) for the benefit of the bankruptcy estate. Pursuant to 11 U.S.C. § 704(1), a bankruptcy trustee has the duty to collect and liquidate the property of the bankruptcy estate for the benefit of the parties in interest of such estate. The property of the estate consists of "all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a). The question of whether the debtor has an interest in property is to be determined under state law and is within the bankruptcy court's jurisdiction. *See Barnhill v. Johnson*, 503 U.S. 393, 398, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992) (citing *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979)); *Chemical Bank v. First Trust of New York (In re Southeast Banking Corp.)*, 156 F.3d 1114, 1121 (11th Cir.1998); *Dewhirst v. Citibank (Arizona) (In re Contractors Equipment Supply Co.)*, 861 F.2d 241, 244 (9th Cir.1988).

■ In Florida, the right to an elective share is a right of statutory construction. *See* FLA.STAT. § 732.201 (1999). "The elective share is a substitute for dower and curtesy, which were abolished by Section 732.111, Florida Statutes (1979)." *In re Estate of Anderson*, 394 So.2d 1146 (Fla. 4th DCA 1981). The right of dower was personal to the widow for the purpose of ensuring that the personal needs and comfort of the widow were met. *See In re Estate of Pearson*, 192 So.2d 89, 91–2 (Fla. 2d DCA 1966) (the right of a guardian of an incompetent widow to elect dower terminates upon the death of the widow). The elective share, like its predecessor, is for the purpose of providing for the needs of the surviving spouse. *See Anderson, supra*, 394 So.2d at 1147 ("the elective share is for the express purpose of caring for the surviving spouse and not to augment the estate for the benefit of heirs"). Additionally, the Supreme Court of Florida has recognized that the right of election is a personal right of the surviving spouse. *See Harmon v. Williams*, 615 So.2d 681, 682 (Fla.1993) (citing *Smail v. Hutchins*, 491 So.2d 301, 302 (Fla. 3d DCA 1986)).

■ The personal nature of the right of election is further supported by the fact that only the surviving spouse or those who represent the surviving spouse's best interests may exercise the right of election. *See* FLA.STAT. § 732.2125 (1999). Section 732.2125, Florida Statutes (1999), provides:

> Right of election; by whom exercisable
>
> The right of election may be exercised:
>
> (1) By the surviving spouse.
>
> (2) By an attorney in fact or a guardian of the property of the surviving spouse, with approval of the court having jurisdiction of the probate proceeding. The court shall determine the election as the best interests of the surviving spouse, during the spouse's probable lifetime, require.

The statute clearly limits the right of election to the surviving spouse or to those with the duty and authority to act on behalf of the surviving spouse.

Relying on cases such as *Lonstein v. Rockman (In re Lonstein)*, 950 F.2d 77 (1st Cir.1991) (debtor's legal interest in undistributed testamentary bequest vested prior to the commencement of the bankruptcy case and was, thus, part of the bankruptcy estate), and *In the Matter of Chenoweth*, 3 F.3d 1111 (7th Cir.1993) (testamentary bequest, that vested in debtor within 180 days after commencement of bankruptcy proceeding, was property of bankruptcy estate under § 541(a)(5)(A) and, as such, debtor's disclaimer of inheri-

tance was not effective),[2] the Trustee argues that a bankruptcy trustee has the ability to exercise the right of election because the elective share is property of the bankruptcy estate. [C.P. 54] The Trustee contends that a trustee in bankruptcy is not subject to the statutory limitation set forth under Section 732.2125, Florida Statutes (1999), because a bankruptcy trustee automatically steps into the same shoes as the debtor pursuant to 11 U.S.C. § 541. The Trustee cites 11 U.S.C. § 541(a)(5)(A) as additional support, which states that the property of the estate includes "[a]ny interest in property ... that the debtor acquires or becomes entitled to acquire ...—by bequest, devise, or inheritance ..."

The Trustee fails to recognize the distinction between the elective share interest and the right of election. The 30% elective share interest, a property interest of the Debtor, clearly would constitute property of the estate pursuant to 11 U.S.C. § 541(a). The Trustee would indeed have the duty, pursuant to 11 U.S.C. § 704(1), to collect the Debtor's elective share of the Wife's probate estate. However, in the instant case, no 30% elective share interest exists. In order for the Debtor to receive this elective share property interest (making it property of the estate), the Debtor would have to exercise the right of election. The right of election is not a property interest arising from the provisions of a will; instead, it is a right to choose to take a share of the decedent's estate against the express provisions of the will. Even though electing to take an elective share

interest results in the creation of a property interest of the debtor, the right of election, itself, is not a property interest of the debtor, and thus, not property of the estate. Since the right of election is not property of the estate, § 541 does not immunize the Trustee from the limitations set forth in Florida Statutes § 732.2125.

The only reported bankruptcy case directly on point is the case of *In re McCourt,* 12 B.R. 587 (Bankr.S.D.N.Y. 1981).[3] In *McCourt,* the debtor's wife died prior to the commencement of the bankruptcy case. In her will, the debtor's wife left all of her property to her father. The debtor, as a surviving spouse, did not file a Notice of Election against his wife's probate estate. The bankruptcy trustee sought an order requiring the debtor to execute his right of election against the probate estate of his deceased spouse so as to entitle the debtor to a one-third interest in her estate. The bankruptcy trustee also argued that the right of election could be exercised by the bankruptcy trustee on behalf of the debtor as that right was assigned to the trustee as a matter of law when the debtor filed his petition in bankruptcy. The court held that the right of election is not property of the bankruptcy estate, and that the bankruptcy trustee could not force the debtor to exercise the right of election or exercise the right on behalf of the debtor. The court reasoned that the right of election is a personal right and not a property interest. "Until the debtor exercises his personal statutory right to the election, no rights in his de-

---

**2.** The cases cited by the Trustee are factually distinguishable from the instant case as they involve property interests of the debtor, not personal rights. For example, the *Chenoweth* case involved a situation where the inheritance became property of the bankruptcy estate as soon as the debtor gained a property interest in it. Once the inheritance became property of the estate, the debtor had no right to disclaim it. In the instant case, the elective share interest is not property of the estate until the right of election is exercised. The debtor in the instant case is not waiving the elective share because he has no property

interest in it. Instead, the debtor is waiving the personal right of election.

**3.** There are several cases resolving the issue of whether a *creditor* may exercise or compel the surviving spouse to exercise the right of election to take an elective share. *See, e.g., Aragon v. Estate of Snyder,* 314 N.J.Super. 635, 641–42, 715 A.2d 1045, 1048 (Ch.Div. 1998) (the right to take an elective share is personal to the surviving spouse and may not be exercised or levied upon by surviving spouse's creditor), and cases cited therein.

**916**

ceased wife's property are ascribable to the debtor." *In re McCourt*, 12 B.R. 587, 589 (Bankr.S.D.N.Y.1981).

While the *McCourt* case was determined under New York law, the Court finds both the reasoning and holding applicable in the instant case. Florida case law supports the conclusion that the right of election is personal in nature and can only be exercised by those expressly authorized under FLA.STAT. § 732.2125. *See Harmon v. Williams*, 615 So.2d 681, 682 (Fla.1993), *aff'g*, 596 So.2d 1139 (Fla. 2d DCA 1992); *Smail v. Hutchins*, 491 So.2d 301, 302 (Fla. 3d DCA 1986); *In re Estate of Anderson*, 394 So.2d 1146, 1147 (Fla. 4th DCA 1981). It is also evident that an elective share interest does not exist until the statutory right of election is properly exercised. *See Harmon v. Williams*, 596 So.2d 1139, 1141–42 (ineffective election resulted in forfeiture of elective share), *aff'd*, 615 So.2d 681 (Fla.1993). Pursuant to Florida Statutes § 732.2125, it would be improper for the Trustee to exercise the Debtor's personal right of election. As no right of election will be properly exercised, no elective share interest exists in the instant case. Thus, the elective share interest in the estate of Shirley Brand is not property of the bankruptcy estate.

Accordingly, it is hereby

ORDERED that—

1. The Trustee's Objection to Claimed Exemptions, as to the Trustee's claim to the elective share, is **overruled.**

2. The Debtor's Motion For Determination That Elective Share Rights In the Estate of Shirley Brand Are Not Property of the Estate is **granted.**

3. The Debtor's Motion to Require Trustee to Withdraw Notice of Elective Share is **granted.**