419 So.2d 389 (1982)
Thomas A. PRICE, Appellant,
v.
FLORIDA NATIONAL BANK OF MIAMI and Thomas W. Kenworthy, Personal Representatives of the Estate of Mary Elizabeth Adams Price, Deceased, Appellees.
No. 81-2587.
District Court of Appeal of Florida, Third District.
September 14, 1982.
*390 Hendricks & Hendricks, Coral Gables, for appellant.
Thomas W. Kenworthy, South Miami, for appellees.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
PER CURIAM.
A surviving spouse appeals an order denying him interest on his elective share of estate assets where twenty-two months elapsed between the date of his wife's death and tender by the personal representative of his elective share. He claims, in addition, a pro-rata share of the interest income earned by the estate during the course of administration.
The testatrix died on October 19, 1979, and her will was admitted to probate on January 25, 1980. Notice of administration was published on January 31, 1980, and on June 26, 1980, appellant filed Election of "Spouse's Elective Share". By petition filed January 29, 1981 the personal representative requested an extension of one year in which to close the estate, asserting as grounds "the complexity of the tax matters concerning the estate and the fact that the assets of the estate and interested parties to the estate are located in several states... ." The court granted the extension ordering that the estate be closed by June 15, 1982. By order entered May 1, 1981, the court found that appellant's Election of Spouse's Share was timely filed in that the Personal Representatives had filed an inventory of estate assets on March 10, 1981; the order directed the Personal Representative to satisfy the spouse's share. On August 20, 1981 the personal representatives tendered to appellant a check representing the value of his elective share without interest or pro-rata share of the income earned by estate assets.
Two sections of the probate code appear to control resolution of the question presented. Section 732.207, Florida Statutes (1979) provides:
The elective share shall consist of an amount equal to 30% of the fair market value on the date of death of all assets ... computed after deducting from the total value of the assets all valid claims against the estate paid or payable from the estate.
The second statutory provision is Section 732.214 which states:
Proceedings on the election. 
On petition of the personal representative or the surviving spouse and after notice and hearing, the court shall determine the amount of the elective share and order its payment in cash or in kind within a time certain from the assets of the estate subject to the elective share. No distribution shall be required until six months from the date of death, when no federal or state tax return is required to be filed, or until the tax return is timely filed when required. The order may provide for partial distributions. On petition of any interested party after notice, the court may suspend distribution of the elective share or any part of it until final settlement of the federal estate tax liability *391 of the estate. Assets distributed in kind shall be distributed at fair market value on the date of distribution. [emphasis supplied]
Although the statute provides that assets distributed in kind shall be distributed at fair market value on the date of distribution, it makes no provision for the surviving spouse to receive interest on his elective share whether distribution is timely or has been suspended.[1]
The appellant argues that it would be inequitable for the beneficiaries of the residuary estate to receive the interest earned on the assets comprising his elective share while the estate is being administered. The argument has appeal but is without support in the statute. The statute specifically directs that where an election is filed, the remaining assets of an estate are to be distributed as though the surviving spouse had predeceased the decedent. § 732.211, Fla. Stat. (1979).
Appellant, however, is entitled to interest on his elective share from May 5, 1981, the date of order directing the personal representative to make payment. The order to pay created a due debt against the estate in favor of appellant which like any other debt, entitled appellant to the principal of the debt plus interest at the lawful rate from the due date. See § 55.03, Fla. Stat. (1979); McNitt v. Osborne, 371 So.2d 696 (Fla. 3d DCA 1979); Parker v. Brinson Construction Company, 78 So.2d 873 (Fla. 1955).
Affirmed in part, reversed in part, and remanded for further consistent proceedings.
NOTES
[1] "The elective share is an amount computed without regard to income that may be earned by estate assets and no interest is payable to the surviving spouse by virtue of it. It seems likely, however, that, as with judgments generally, if the personal representative failed to make payment `within a time certain' as prescribed by a judgment entered under § 732.214, interest at the legal rate would be payable. Hanley, Elective Share, Basic Practice Under the Florida Probate Code 264 (2d ed. 1981).