452 So.2d 622 (1984)
Charles J. PFEIFER and Charles Fitzpatrick, As Personal Representatives of the Estate of Suzanne Harvison, Appellants,
v.
Marjorie VARNER, Appellee.
No. 83-2419.
District Court of Appeal of Florida, Third District.
June 5, 1984.
Rehearing Denied July 13, 1984.
As Amended September 19, 1984.
Richard H.W. Maloy, Coral Gables, for appellants.
James A. Baccus, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
SCHWARTZ, Chief Judge.
When she died on June 20, 1979, Suzanne Harvison and the present appellee, Marjorie Varner, owned a home in Dade County jointly with rights of survivorship. In addition, Harvison left Varner a $100,000 specific bequest in her will.[*] In the present proceeding, the representatives of Harvison's estate seek review of each aspect of an order which (1) held that Varner was not liable for a proportionate share of the federal estate tax attributable to Harvison's interest in the jointly held property which passed to the appellee outside the will; (2) ordered the estate to account for income earned on Varner's $100,000 bequest from the date of the testator's death; and (3) set a subsequent hearing to determine whether Varner was entitled to attorney's fees from the estate. We affirm in part and reverse in part.
1. We first hold that Ms. Varner, as the surviving joint tenant, is liable for the estate tax attributed to the decedent's interest in the jointly held property. This conclusion, which is to the contrary of the *623 one below, is compelled by the clear and unambiguous terms of Section 733.817(1)(e), Florida Statutes (1981), which provides:
(1) Any estate, inheritance, or other death tax levied or assessed under the tax laws of this or any other state, political subdivision, or country or under any United States revenue act concerning any property included in the gross estate under the law[[1]] shall be apportioned in the following manner:
* * * * * *
(e) The balance of the next amount of the tax, including, but not limited to, any tax imposed concerning gifts in contemplation of death, jointly held properties passing by survivorship, property passing by intestacy, or insurance, shall be equitably apportioned among, and paid by, the recipients and beneficiaries of the properties or interest, in the proportion that the value of the property or interest of each included in the measure of the tax bears to the total value of all the properties and interests included in the measure of the tax, except as otherwise directed by the will.
Accord, cases collected, Annot., Construction and Application of Statutes Apportioning or Prorating Estate Taxes, 71 A.L.R.3d 247, 307 (1976) ("A surviving joint tenant or tenant by the entirety is liable for his or her proportionate share of the estate tax under the typical apportionment statutes which refer to any property required to be included in the gross estate." [footnotes omitted]); Fenn and Koren, The 1974 Probate Code  A Marriage of Convenience, 27 U.Fla.L.Rev. 1, n. 264 (1974).
The appellee's several contentions on this point are without merit. Section 733.805(1)[2] specifically excepts from its operation estate taxes "as otherwise provided in s. 733.817." Section 733.817(1)(a)[3] states only that the residuary estate shall bear the burden of the estate taxes attributable to all assets which pass under the will[4] and has no application to the non-probatable interest involved here. Finally, the cases relied upon, e.g., In re Estate of Barret, 137 So.2d 587 (Fla. 1st DCA 1962), were decided during a period when neither § 733.817(1)(e) nor a statutory equivalent was in effect and are therefore obviously not controlling. See Peirsol and Fowler, *624 Tax Apportionment, Fla.Bar CLE Basic Estate Planning in Florida § 14.3 (1980).[5]
2. We similarly follow plain statutory language in approving the trial court's ruling that income on the specific bequest is owed to the devisee from the date of the testator's death. In this regard, Section 738.05(2)(a), Florida Statutes (1981) states:
(2) Unless the will otherwise provides, income from the assets of a decedent's estate after the death of the testator and before distribution, including income from property used to discharge liabilities, shall be determined in accordance with the rules applicable to a trustee under this chapter and distributed as follows:
(a) To specific devisees, the income from the property bequeathed or devised to them respectively, including an appropriate portion of interest accrued since the death of the testator, and less taxes and cost of ordinary repairs, other expenses of management and operation of the property, and taxes imposed on income, excluding taxes on capital gains, that accrue during the period of administration. [e.s.]
As we were concerning the first issue, we are unimpressed with the attempts, coming this time from the opposite direction, to avoid the legislative command. While Sections 732.214[6] and 733.817(4),[7] Florida Statutes (1981) provide for suspending distribution under certain circumstances, neither concerns the present issue, with which § 738.05(2)(a) specifically deals, of how much the devisee must be paid when the distribution finally occurs. And Price v. Florida National Bank of Miami, 419 So.2d 389 (Fla. 3d DCA 1982) involves the quite different issue of interest payable on an elective share, which, unlike a specific bequest, is incapable of precise computation until the order directing payment is entered. Most significantly, its holding that interest runs, as in the case of an ordinary theretofore unliquidated debt, only from that date is avowedly based on the absence of a governing statute on the question. Since that statute does exist in this instance in the person of § 738.05(2)(a), Price is not pertinent here.
3. Finally, there is no basis upon which it may be concluded that Ms. Varner's attorney has rendered services which in any way benefitted the estate, as opposed to his client. Section 733.106(3),[8] Florida Statutes (1981); In re Estate of *625 Griffis, 366 So.2d 80 (Fla. 4th DCA 1978). We therefore reverse that aspect of the order under review permitting future consideration of the issue[9] and direct that the motion for attorney's fees be denied.
Affirmed in part, reversed in part.
NOTES
[*] For reasons best known to themselves, the appellants have conceded in this court that the $100,000 bequest is a "specific bequest," and we have accordingly decided the interest issue on the basis of that concession. But see In re Estate of Parker, 110 So.2d 498 (Fla. 1st DCA 1959), cert. denied, 114 So.2d 3 (Fla. 1959); Park Lake Presbyterian Church v. Estate of Henry, 106 So.2d 215 (Fla. 2d DCA 1958); § 738.05(2) (b), Fla. Stat. (1981).

The opinion is otherwise unaltered.
[1] There is no doubt that the value of interest in the jointly held property was included in the gross estate for federal estate tax purposes, and that, accordingly, the estate did in fact pay $13,931.27 (of the total tax of $86,068.73) in respect to that interest.
[2] § 733.805(1)

(1) If a testator makes provision by his will, or designates the funds or property to be used, for the payment of debts, estate and inheritance taxes, family allowance, exempt property, elective share charges, expenses of administration, and devises, they shall be paid out of the funds or from the property or proceeds as provided by the will so far as sufficient. If no provision is made or any fund designated, or if it is insufficient, the property of the estate shall be used for such purposes, except as otherwise provided in s. 733.817 with respect to estate, inheritance, and other death taxes, and to raise the share of pretermitted spouse and children, in the following order:
(a) Property not disposed of by the will.
(b) Property devised to the residuary devisee or devisees.
(c) Property not specifically or demonstratively devised.
(d) Property specifically or demonstratively devised.
[3] § 733.817(1)(a)

(a) If a part of the estate passed under a will as a specific devise or general devise or in any other nonresiduary form, exclusive of property over which the decedent had a power of appointment as defined from time to time under the estate tax laws of the United States, the net amount of the tax attributable to it shall be charged to and paid from the residary estate without requiring contribution from persons receiving the interests, except as otherwise directed by the will. In the event the residuary estate is insufficient to pay the tax attributable to the interests, any balance of the tax shall be equitably apportioned among the recipients of the interests in the proportions that the value of each interest included in the measure of the tax bears to the total of all interests so included, except as otherwise directed by the will.
[4] The exceptions to this rule arise when the will provides otherwise, Yoakley v. Raese, 448 So.2d 632 (Fla. 4th DCA 1984), or the residuary estate is insufficient. Since neither applies in this situation, it is agreed that Varner's $100,000 specific bequest bears no share of the estate tax.
[5] first apportionment statute in Florida provided that death taxes `shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues.' Ch. 25435, §§ 1-4, Laws of Fla. (1949). The statute was amended substantially in 1957, the result being that death taxes were a charge against the residue unless the will provided otherwise. An amendment to F.S. 734.041 in 1963 converted the statute back to an equitable apportionment statute. The present statute, 733.817, also an equitable statute, was enacted in 1974. In view of this history, cases decided under the earlier statutes are not always of help in interpreting the present version. See Lindsay, Florida's Estate Tax Laws  The Need for Compromise, 35 Fla.Bar Journal 164 (March 1961)."
[6] § 732.214

On petition of the personal representative or the surviving spouse and after notice and hearing, the court shall determine the amount of the elective share and order its payment in cash or in kind within a time certain from the assets of the estate subject to the elective share. No distribution shall be required until 6 months from the date of death, when no federal estate tax return is required to be filed, or until the tax return is timely filed, when required. The order may provide for partial distributions. On petition of any interested party after notice, the court may suspend distribution of the elective share or any part of it until final settlement of the federal estate tax liability of the estate. Assets distributed in kind shall be distributed at fair market value on the date of distribution.
[7] § 733.817(4)

(4) No personal representative or other fiduciary shall be required to transfer any property until the amount of any tax due from the transferee is paid or, if the apportionment of tax has not been determined, until adequate security is furnished for the payment. The fiduciary shall not be required to distribute assets that he reasonably anticipated may be necessary to pay any state or federal taxes.
[8] § 733.106(3)

(3) Any attorney who has rendered services to an estate may apply for an order awarding attorney fees, and after informal notice to the personal representative and all persons bearing the impact of the payment the court shall enter its order on the petition.
[9] We consider this ruling, which is plainly non-final and therefore not independently reviewable at this stage, only because it is part of an order which, in the two respects we have treated in this opinion, plainly is.