564 So.2d 1106 (1990)
Ann B. TARBOX, As Personal Representative of the Estate of Helen D. Palmer, Deceased, Appellant,
v.
Anthony Hale PALMER, Pamela Palmer Everets, Geoffrey Holkins Palmer, Joseph Beveridge Palmer and Patsy Palmer Stecher, Residuary Beneficiaries, and Linda Chambliss, Successor Personal Representative, Appellees.
No. 88-2172.
District Court of Appeal of Florida, Fourth District.
May 30, 1990.
On Motion for Rehearing August 22, 1990.
*1107 Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and A. Thomas Connick of Boutwell & Connick, Deerfield Beach, for appellant.
Paty, Downey & Fick, Palm Beach, and Larry Klein of Klein & Walsh, P.A., West Palm Beach, for appellees.
HERSEY, Chief Judge.
The will of Joseph Palmer established trusts of virtually all of the assets of his estate. The immediate and primary beneficiary was his surviving spouse, Helen Palmer (since deceased). The ultimate beneficiaries were children of Joseph by a former marriage. Upon Joseph's death, Helen chose to take her statutory elective share, thus terminating her entitlement under the will. This had the effect of accelerating the interests of the remaindermen. It also resulted in the imposition of estate taxes on the estate of Joseph, which gave rise to the issue now on appeal: whether the estate taxes should be paid by the surviving spouse or by the remaindermen.
The trial court held that this question is answered by section 732.215, Florida Statutes (1987), which provides:
732.215 Effect of elective share on taxes.  In any case in which the election of the elective share by the surviving spouse shall have the effect of increasing any estate, inheritance, or other death tax, the share of the surviving spouse shall bear the additional tax.
In support of the trial court's holding, appellees argue that because no estate taxes would have been payable by the estate of Joseph but for the widow's election to take her statutory share, her election had the effect of increasing estate taxes within the meaning of the statute and thus the share of the surviving spouse should bear that tax.
Several arguments are presented by appellant for the contrary view, of which we consider three.
The elective share is the modern day substitute for dower, and dower is a favorite of the law. Because of certain provisions of the Internal Revenue Code dealing with estate taxes, imposition of the tax on the surviving spouse's share would progressively diminish the amount received by the spouse after taxes in estates valued between $600,000 and $2,500,000 and would result in NO dollars left for the electing spouse in estates in excess of $2,500.000. This seems inequitable and contrary to the long-standing public policy favoring dower and the elective share.
It is next argued that the majority of jurisdictions that have considered this issue have decided it in favor of the surviving spouse and contrary to the holding of the trial court. While those cases fairly illustrate the public policy behind protection of the share of the surviving spouse, they are statute specific and because the statutes involved do not track the Florida statute we consider them only slightly persuasive.
Finally, it is argued that the elective share should not be burdened with payment of estate taxes because that share did not generate any tax. Accordingly, the elective share itself is not "included in the measure of the tax" as that term is defined in section 733.817(2)(c), Florida Statutes (1989), and thus estate taxes should not be apportioned to the recipient of that share. This will subsequently be explored more fully.
*1108 If we apply a literal interpretation to section 732.215, then the test is whether exercise of the election results in the imposition of taxes. If it does, and if the share itself is not taxable, then we have a conflict between the two statutes (732.215 and 733.817(2)(c)). We are required to so construe the two statutes as to avoid any such conflict if it is reasonably possible to do so. Woodgate Dev. Corp. v. Hamilton Inv. Trust, 351 So.2d 14 (Fla. 1977). This necessitates a closer examination of the relationship between these two statutory provisions and the estate tax scheme established by the Internal Revenue Code.
One feature of the estate tax is the marital deduction, which allows the estate of a decedent to deduct the value of property passing to a surviving spouse from the value of the gross estate. In effect, the marital deduction permits a decedent to transfer property to a surviving spouse free of federal estate tax. Currently, the code provides an unlimited marital deduction for property passing in this manner. The deduction is not limited to outright devises. As in the Palmer will, a Qualified Terminable Interest Property Trust may be combined with an Exemption Equivalent Trust (hereinafter collectively referred to as the QTIP trust) to take full advantage of the marital deduction.
In the present case, appellant chose to take her 30% elective share of decedent's estate rather than to abide by the provisions under the will. As with a QTIP trust, a valid election by a surviving spouse to take the elective share qualifies the amount thus obtained for the marital deduction. Under section 2056(c)(3) of the code, appellant's elective share is considered as passing to her from the decedent and is thus qualified for the marital deduction. 34A Am.Jur.2d, Federal Taxation (1990) § 44,614.
If appellant had chosen to take under the will, everything in decedent's estate would have qualified for the marital deduction; thus, there would not have been any estate taxes due on the corpus of decedent's estate at the time of his death, but such property would have been 100% includable later in appellant's gross estate for federal estate tax purposes. Since appellant chose instead to take her 30% elective share, however, only 30% of decedent's estate now qualifies for the marital deduction and the children's 70% residuary share is presently subject to taxation. Numerically, the result is an accelerated tax of $59,000 if the tax is taken from the residuary share, and $83,000 if the tax is taken from the elective share. (This increase in estate tax is undisputed and results from the fact that the tax would increase as the marital deduction decreases in paying the taxes.)
As previously indicated, the trial court below held and appellees maintain that this resulting tax is an increase in estate taxes as contemplated in section 732.215, Florida Statutes (1987), and, therefore, the elective share should "bear the additional tax." It is true that there were no estate taxes due on decedent's estate before appellant chose to take her elective share. As we have noted, however, taxes on the estate assets had not been avoided but only deferred by use of the QTIP trust. Appellant's decision to take her elective share instead of the QTIP did not increase taxes, but merely accelerated the date on which those taxes would become due. For this reason, it could be argued that section 732.215 should not be applicable.
The tax apportionment statute adverted to earlier also supports appellant's argument that the elective share should not be burdened with payment of estate taxes. The purpose of section 733.817 is to ensure that all estate and inheritance taxes are shared on a ratable basis by the beneficiaries receiving the property subject to those taxes. Section 733.817(2)(c) specifically excludes from the measure of tax, "any property or interest, whether passing under the will or not, to the extent the property or interest is exempt or is initially deductible from the gross estate... ." Since the 30% elective share, fully deductible from the gross estate under the marital deduction provisions of the Internal Revenue Code, does not generate federal estate tax, the statute does not burden *1109 such property with the estate tax generated by other property in the decedent's estate.
In a situation such as the present one where the election has the effect of reducing the total amount passing to the surviving spouse and the will otherwise would permit everything in decedent's estate to qualify for the marital deduction, the apportionment statute and the elective share statute appear inconsistent. While it would seem that section 732.215 requires the surviving spouse's elective share to pay the additional tax because of the reduction of the marital deduction, section 733.817 excludes such elective share property from the measure of tax.
There are no appellate decisions that interpret sections 732.215 and 733.817(2)(c) together. The cases cited in appellant's brief are helpful only to the extent of showing the equitable basis behind tax apportionment statutes and the concept of dower and the elective share. However, the rationale of the Internal Revenue Service in a private letter ruling provides some insight into interpretation of these statutes. (This ruling occurred before the advent of the unlimited marital deduction, but the reasoning remains valid.) The IRS stated that:
[I]f a surviving spouse elects to take against a decedent's will, and, as in this case, receives less property from the estate than would otherwise pass by will, and the elective share is within the federal marital deduction limitation, no additional estate tax is generated by the property passing to the surviving spouse. However, if the total estate tax increases, as a result of a lower marital deduction, the increase is generated only by the property not passing to the surviving spouse. Accordingly, only nonmarital property should be burdened with the increase in the federal estate tax because it generated all the estate taxes due. This result would be in accordance with the intent of the Florida apportionment statute. If we interpreted section 732.215 narrowly and held that B must pay the increase in federal tax that results from the decrease in the marital deduction to A's estate, then such an interpretation would conflict with the intent of section 733.817 because B would then be paying federal estate tax generated by property B did not receive. Because B's elective share is within the federal marital deduction limitation, we conclude that A's estate need not reduce the marital deduction available to it by the federal estate tax generated by property not passing to B.
(Number 8227080, issued April 12, 1982.)
We agree with this rationale. The principles enunciated clearly apply to the present situation where appellant's elective share qualifies for the marital deduction and the entire increase in federal estate taxes due is generated by the non-marital property passing to the residuary beneficiaries. Thus, the estate taxes now due should be ratably shared among the residuary beneficiaries in accordance with section 733.817.
For the reasons stated, we reverse and remand for further appropriate proceedings.
WARNER and GARRETT, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The motion for rehearing is denied.
HERSEY, C.J., and GARRETT, J., concur.
WARNER, J., concurring specially.
WARNER, Judge, concurs specially.
I would deny rehearing but I would grant the request to certify the question presented in this appeal.