POLEN, Judge.
Appellants bring this appeal from the trial court’s order entered subsequent to this court’s mandate in Tarbox v. Palmer, 564 So.2d 1106 (Fla. 4th DCA1990). We affirm.
The facts of this case are present in this court’s Tarbox opinion. Briefly, appellants are the residual beneficiaries under the will of Joseph Palmer. Mr. Palmer’s wife, Helen, was the primary beneficiary under his will, which established trusts of virtually all of the assets of his estate. Helen chose to take an elective share of her husband’s estate rather than that to which she was entitled under the will. This election had the effect of accelerating the residual beneficiaries’ interests in the estate. This election also resulted in the imposition of estate taxes. Although estate taxes were due, the elective share Helen received qualified for a marital deduction under the Federal Tax Code, thus estate taxes were due only on the seventy percent (70%) share of the estate received by the residual beneficiaries. The question arose as to who should bear the burden of paying these estate taxes, Helen or the residual beneficiaries.
The probate court determined that Helen should pay the estate taxes based upon its interpretation of the language contained in section 732.215, Florida Statutes. In a case of first impression this court reversed, holding that the estate taxes should be ratably shared among the residuary beneficiaries in accordance with section 733.817, Florida Statutes (1989). Tarbox, 564 So.2d at 1109. This court’s decision was based upon several factors including the public policy favoring dower and the elective share, as well as interpretation of section 733.817, the purpose of which is to ensure that all estate and inheritance taxes are shared on a ratable basis by the beneficiaries receiving the property subject to those taxes. This court determined that Helen’s election did not increase estate taxes within the meaning of section 732.-215, Florida Statutes (1987), but rather accelerated the date on which those taxes would become due. Therefore section 732.-215 did not mandate that the elective share bear the additional tax.
On remand, the trial court corrected the final judgment by awarding the surviving spouse’s estate[1] an amount equal to the estate taxes that had been incorrectly withheld from her previous award, plus interest on that amount from the date that the obligation to pay the elective share initially arose, August 19, 1988. Both parties to this appeal agree that this court’s Tarbox opinion mandated an award to Helen’s estate of the $83,301.45 that had been erroneously withheld from her elective share. The single issue presented by this appeal is whether her estate is also entitled to interest on that amount from the date of the original order directing payment of the elective share.
A surviving spouse is entitled to interest on his elective share from the date of the order directing the personal representative to make payment. Price v. Florida National Bank, 419 So.2d 389 (Fla. 3d DCA1982); Hanley, Elective Share, Basic Practice Under the Florida Probate Code 280 (3d ed. 1987). Interest from the date of the order directing payment is proper *539 because “[t]he order to pay create[s] a due debt against the estate in favor of [the surviving spouse] which like any other debt, entitle[s] [the surviving spouse] to the principal of the debt plus interest at the lawful rate from the due date.” Price, 419 So.2d at 391.
In the instant case the obligation to pay the elective share arose on August 19, 1988. On that date Helen Palmer became entitled to the principal of the elective share. From that date forward, she was also entitled to interest on that amount at the statutory rate, until payment was made. In order to provide Helen Palmer’s estate with its full entitlement, the probate court properly awarded interest on the $83,301.45 erroneously withheld from the estate, from the date that the debt arose, August 19, 1988.
Therefore we affirm the trial court’s order awarding the estate of Helen Palmer $83,301.45 plus interest of $24,675.49.
AFFIRMED.
GLICKSTEIN, C.J., and ANSTEAD, J., concur.

. Helen Palmer died during the pendency of the first appeal and Ann Tarbox, personal representative of Helen Palmer’s estate, was substituted.