PER CURIAM.
This appeal arises from an order entered in probate and involves the apportionment of estate taxes. During his lifetime the decedent deeded interests in three parcels of real estate to the appellant, so that appellant and decedent became joint tenants with right of survivorship. Because the decedent had retained an interest in the properties, they were part of his estate for purposes of federal estate taxation, and the personal representative paid the estate taxes on the property.
The personal representative then moved the probate court to require appellant to reimburse the estate, pursuant to section 733.817(l)(e), Florida Statutes (1991), for the estate taxes which were paid by virtue of the fact that this property was in the estate. The will did not direct that the taxes should be paid out of the estate. The court granted the motion and appellant seeks reversal of the order requiring her to reimburse the estate.
In Pfeifer v. Varner, 452 So.2d 622 (Fla. 3d DCA 1984), rev. denied, 461 So.2d 116 (Fla.1985), a case involving similar facts, the court held that under these circumstances section 733.817(l)(e), Florida Statutes (1981), clearly made a surviving joint tenant liable for the estate tax attributable to the decedent’s interest in jointly held property. We agree with Pfeifer and therefore affirm.
GUNTHER, C.J., and FARMER and KLEIN, JJ., concur.