PER CURIAM.
 

 In this probate action, the trial court entered three orders determining the apportionment of estate taxes. Appellant, Efrosini “Frances” Boulis, the surviving spouse of the decedent, Konstantinos “Gus” Boulis, appeals those orders. We affirm the trial court’s determination that appellant’s elective share bear its proportional share pursuant to section 733.817(5)(f), Florida Statutes (2000). We also affirm the apportionment of taxes on the life insurance and the homestead property to the Class II recipients under section 733.817(5)(e), Florida Statutes (2000).
 

 The decedent died on February 6, 2001. In his will, he left nothing to appellant, from whom he was estranged, and devised the residuary of his estate, after payment of funeral expenses, taxes and creditors, to The Seafarer Acquisition Trust for the benefit of his two sons by appellant, his five nieces and nephews, and his two sons by another woman. Article II of the will provides:
 

 All of the residue of my property of whatsoever kind and wheresoever situated (including all lapsed legacies and devises but expressly excluding any property over which I may have a power of appointment at the time of my death) which shall consist of the balance of my residuary estate (“Residuary Estate”) after the payment of the taxes, if any, as provided in Article III
 
 [1]
 
 , I give, devise and bequeath to the Trustees of THE SEAFARER ACQUISITION TRUST u/t/a/d March 16, 1999 (the “SEAFARER Trust”). Such bequest shall be held, managed, administered and distributed as set forth in the SEAFARER Trust.
 

 Article IV provides:
 

 I direct my Personal Representative to pay out of the property which would otherwise become a part of the Residuary Estate, all estate, inheritance, transfer and succession taxes, including inter
 
 *188
 
 est and penalties thereon, which may be lawfully assessed by reason of my death. I waive on behalf of my estate any right to recover any part of such taxes, interest or penalties from any person, including any beneficiary of insurance on my life and anyone who may have received from me or from my estate any property which is taxable as part of my estate.
 

 Appellant filed her request to take her elective share of the estate. The trial court approved it in 2003. Upon appellant’s motion for summary judgment to establish the amount of her elective share, the personal representatives (“appellees”) filed a cross motion for summary judgment requesting the trial court to determine the allocation of any federal estate tax to the elective share,
 
 [2]
 
 the homestead property, and the decedent’s life insurance.
 

 Appellant argues that certain probate code sections relieve her elective share of any liability for estate taxes. Section 733.817, Florida Statutes (2000), governs the apportionment of estate taxes. Subsections (5)(a), (5)(b), and (5)(c) apply to the apportionment of taxes on property passing under the decedent’s will, property passing under the terms of any trust created in the decedent’s will and homestead property, respectively. Subsection (5)(f) governs the apportionment of estate tax attributable to other properties and provides:
 

 The net tax that is not apportioned under paragraphs (a), (b), and (c), including, but not limited to, the net tax attributable to interests passing by intestacy, jointly held interests passing by surviv-orship, insurance, properties in which the decedent held a reversionary or revocable interest, and annuities, shall be apportioned among the recipients of the remaining interests that are included in the measure of the tax in proportion that the value of each such interest bears to the total value of all the remaining interests included in the measure of the tax.
 

 § 733.817(5)®, Fla. Stat. (2000). “The purpose of section 733.817 is to ensure that all estate and inheritance taxes are shared on a ratable basis by the beneficiaries receiving the property subject to those taxes.”
 
 Tarbox v.
 
 Palmer, 564 So.2d 1106, 1108 (Fla. 4th DCA 1990). As appellant is not entitled to the marital deduction on her elective share, then that elective share is subject to tax. The net tax on an elective share is not apportioned under paragraphs (5)(a), (5)(b), or (5)(c), and it is not otherwise excluded. Therefore, the net tax attributable to the elective share is apportionable under section 733.817(5)(f).
 

 Appellant argues that section 732.215, Florida Statutes (1997),
 
 [3]
 
 is applicable and she owes only the amount of additional taxes her election caused the
 
 *189
 
 estate to have to pay. That section provides:
 

 732.215 Effect of elective share on taxes. — In any case in which the election of the elective share by the surviving spouse shall have the effect of increasing any estate, inheritance, or other death tax, the share of the surviving spouse shall bear the additional tax.
 

 Appellant’s interpretation adds an exclusion to this statute that the statute does not provide. This section does not provide that the surviving spouse is not responsible for any tax other than any increase caused by the election. It only provides that the surviving spouse is entirely responsible for any increase in the estate taxes resulting from the election. The courts “are not at liberty to add words to statutes that were not placed there by the Legislature.”
 
 Hayes v. State,
 
 750 So.2d 1, 4 (Fla.1999). We conclude that apportionment of the estate tax is not precluded by section 732.215.
 

 In his will, the decedent “direct[s] [his] Personal Representative to pay out of the property which would otherwise become a part of the Residuary Estate, all estate, inheritance, transfer and succession taxes, including interest and penalties thereon, which may be lawfully assessed by reason of my death.” Appellant argues that pursuant to section 733.817(5)(h)l., Florida Statutes (2000), this provision of the will directs appellees to pay the taxes on the elective share out of the residuary estate. The trial court held that section 733.817(5)(h)4., Florida Statutes, is the applicable provision and, under that section, the decedent has not effectively directed the payment of taxes attributable to property not passing under the governing instrument from property passing under the governing instrument.
 

 Section 733.817(5)(h), Florida Statutes, provides in pertinent part:
 

 (h)l. To be effective as a direction for payment of tax in a manner different from that provided in this section, the governing instrument must direct that the tax be paid from assets that pass pursuant to that governing instrument, except as provided in this section.
 

 [[Image here]]
 

 4. For a direction in a governing instrument to be effective to direct payment of taxes attributable to property not passing under the governing instrument from property passing under the governing instrument, the governing instrument must expressly refer to this section, or expressly indicate that the property passing under the governing instrument is to bear the burden of taxation for property not passing under the governing instrument. A direction in the governing instrument to the effect that all taxes are to be paid from property passing under the governing instrument whether attributable to property passing under the governing instrument or otherwise shall be effective to direct the payment from property passing under the governing instrument of taxes attributable to property not passing under the governing instrument.
 

 In
 
 In re Estate of McClaran,
 
 811 So.2d 799 (Fla. 2d DGA 2002), the Second District addressed the issue of whether the direction in the decedent’s will was effective under section 733.817(5)(h) to override the statutory method of apportionment of estate taxes. McClaran’s will provided in pertinent part:
 

 My personal representative shall pay from the residue of my estate ...
 
 estate and inheritance taxes assessed by reason of my death, except that the amount, if any, by which the estate and inheritance taxes shall be increased as a
 
 
 *190
 

 result of the inclusion of property in which I may have a qualifying income interest for life or over which I may have a power of appointment shall be paid by the person holding or receiving that property.
 

 Id.
 
 at 800 (emphasis in original). The property at issue was certain life insurance policies not payable to the estate and, therefore, not passing under the governing instrument, i.e., the will. In applying section 733.817(5)(h)4., the district court held:
 

 In this case, Mr. McClaran’s will does not expressly refer to section 733.817(5)(h)(4) because that section did not exist when the will was executed. Thus, the narrower question in this case is whether the will expressly indicates that the property passing under the governing instrument is to bear the burden of taxation for property not passing under the governing instrument.
 

 Section 733.817(5)(h)(4) suggests that one may opt out of the statutory rules of apportionment by employing language in the will similar to: “[A]U taxes are to be paid from property passing under the governing instrument whether attributable to property passing under the governing instrument or otherwise.”
 

 [[Image here]]
 

 SunTrust maintains that the exception contained in this clause is sufficient to fulfill the requirements of section 733.817(5)(h)(4). We disagree. Although the exception excludes certain taxes from payment by the estate, it does not “expressly indicate” that the property passing under the will should be used to pay taxes for property passing outside the will.
 

 ... We conclude that the new statute governing apportionment is intended to require express language in the will itself when it is the governing instrument. By requiring express language, the statute minimizes the number of cases in which the courts must search for the testator’s intent as to the apportionment of taxes. Mr. McClaran’s will does not contain the language required by section 733.817(5)(h)(4), and there is no longer a justification to look for the testator’s intent when that language is missing.
 

 Id.
 
 at 801-02 (footnote omitted).
 

 Just as in
 
 McClaran,
 
 the direction in the decedent’s will does not include an express indication that the property passing under the will is to bear the burden of taxation for property not passing under the will.
 

 As to the other two orders appealed, appellant argues that the decedent otherwise directed that no tax be apportioned to the life insurance beneficiaries and the homestead property. As we held above, the decedent’s direction was not effective to override the statutory apportionment of taxes on life insurance and homestead property as well. Appellant’s arguments are without merit.
 

 AJfhmed.
 

 FARMER, HAZOURI and CIKLIN, JJ., concur.
 

 [1]
 

 . This reference to Article III is a mistake and refers to Article IV.
 

 [2]
 

 . Because appellant is not a citizen of the United States, she is not entitled to the marital deduction which would apply to the elective share under 26 U.S.C.A. § 2056(d)(1)(A). Appellant, as a non-citizen, has the option of forming a qualified domestic trust ("QDOT") pursuant to I.R.C. §§ 2056(d)(2) and 2056A. Under section 2056A, property of a decedent received by a QDOT for the benefit of a non-citizen spouse is not subject to estate tax until such time as the property is withdrawn from the trust or the spouse’s death.
 

 [3]
 

 . The elective share provisions of the Florida Probate Code were amended in 1999 and became effective October 1, 1999, for all decedents dying on or after October 1, 2001. § 732.2155(1), Fla. Stat. (2000). The decedent herein died on February 6, 2001, before the amendments became effective, so the version in effect prior to October 1, 1999, is applicable.