DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ACE J. BLACKBURN, JR., CHRIS A. ECONOMOU, GUS MORFIDIS** and
**JOAN S. WAGNER,** as Personal Representatives of the Estate of
Konstantinos Boulis, a/k/a, Gus Boulis,

Appellants,

v.

**EFROSINI BOULIS** a/k/a **FRANCES BOULIS,**
Appellee.

Nos. 4D14-1579 and 4D14-2048

[January 20, 2016]

Consolidated appeals and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mark A. Speiser, Judge; L.T. Case No. PR-C-01-0000882.

Martin B. Woods of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Fort Lauderdale, for appellants.

Jennifer Daley, William R. Amlong, Ryan C. Brenton and Karen Coolman Amlong of Amlong & Amlong, P.A., Fort Lauderdale, for appellee.

GILLEN, JEFFREY DANA, Associate Judge.

These two appeals concerning payment of a surviving spouse's elective share constitute the parties' most recent appearance before this Court to resolve disputes arising during years of contentious litigation in probate court.[1] In the first appeal, Ace J. Blackburn, Jr. and the other named personal representatives of the estate of Konstantinos Boulis, a/k/a Gus Boulis (hereinafter, "PRs") challenge probate court orders directing them

---

[1] In *Boulis v. Blackburn*, 16 So. 3d 186, 187 (Fla. 4th DCA 2009), this Court explained: "The decedent died on February 6, 2001. In his will, he left nothing to [Efrosini Boulis, a/k/a Frances Boulis (hereinafter, 'Spouse')], from whom he was estranged, and devised the residuary of his estate, after payment of funeral expenses, taxes and creditors, to The Seafarer Acquisition Trust for the benefit of his two sons by [Spouse], his five nieces and nephews, and his two sons by another woman."

to pay interest on forty percent of the court-determined minimum value of Spouse's elective share from the date the court made its initial valuation. Spouse cross-appeals, arguing that the probate court reversibly erred by assessing interest on only forty percent of the minimum elective share.

In the second appeal, Spouse argues that the probate court reversibly erred by allowing the PRs to deduct from the minimum elective share a proportionate amount for the fees charged by lawyers hired by the PRs to litigate estate claims.[2] For the reasons set forth below, we: (1) affirm the probate court's orders requiring the estate to pay interest on forty percent of the value of the minimum elective share; and (2) reverse the probate court's order charging a proportionate amount of the attorneys' fees incurred by PRs on behalf of the estate.

The probate court rendered three orders on April 9, 2014 concerning the valuation of Spouse's elective share. Of those three, the primary order was titled "Partial Final Judgment Awarding Interest on the Elective Share." Then, on April 24, 2014, the court entered its Order Directing Distribution of the Elective Share. It is from these orders that the parties appeal. However, it is clear from the record and the parties' briefs that an order rendered November 18, 2010 entitled "Interim Order Determining Minimum Value of Elective Share and Directing Partial Distribution" was the key interlocutory step which gave rise to the issues on appeal.

"[A]n appeal from a final order calls up for review all necessary interlocutory steps leading to that final order, whether they were separately appealable or not." *Saul v. Basse*, 399 So. 2d 130, 133 (Fla. 2nd DCA 1981) (citing *Auto-Owners Ins. Co. v. Hillsborough Cnty. Aviation Auth.*, 153 So. 2d 722, 724 (Fla. 1963)). "In other words, failure to utilize the right to take an interlocutory appeal does not restrict the scope of appellate review when the final order is appealed." *Id.* *See also* Fla. R. App. P. 9.170(b)(16) and (e).[3] Therefore, this Court will also review the November 2010 valuation order.

A probate court's order regarding distribution is reviewed for an abuse of discretion. In *Iandoli v. Iandoli*, 547 So. 2d 664, 666 (Fla. 4th DCA 1989), we instructed that the probate court "is in the best position to measure the fairness and logic embodied in a particular scheme of distribution. In the absence of an abuse of discretion this court will not

---

[2] We consolidated these cases but the parties briefed the cases individually causing us to hear them separately during oral argument. We, *sua sponte*, consolidate them once again for purposes of this opinion.

[3] Accordingly, this Court denied PRs' motion to dismiss Spouse's appeal.

attempt to second-guess this basically fact-finding exercise." Thus, it is clear that a probate court is guided by equitable principles.

Here, in the November 2010 interim order, the probate court determined that the value of Spouse's minimum elective share was twelve-and-a-half million dollars and ordered that assets of that value be distributed by the estate to Spouse or her qualified domestic offshore trust. It also expressly ordered that the minimum value was to "bear interest at the statutory interest rate from the date of" the order. The PRs did not distribute the minimum value of the elective share to Spouse until several years later[4] resulting in the court's April 9, 2010 partial summary judgment directing the PRs to pay Spouse interest on forty percent of the minimum value of the elective share dating back to its November 2010 valuation order. As implied by the probate court's orders, it would be inequitable for Spouse to be denied the opportunity for a reasonable return on her court-determined minimum elective share. *See In re Estate of Palmer*, 600 So. 2d 537, 538 (Fla. 4th DCA 1992). However, it would likewise have been inequitable for Spouse to enjoy a windfall of interest on a portion of the value of her minimum elective share which, due to taxes, she would not be entitled to retain. *See Boulis*, 16 So. 3d at 187 (holding that Spouse's elective share must bear its own taxes). Hence, the probate court did not abuse its discretion and was within its authority to exempt from interest-assessment sixty percent of the minimum elective-share value.

The second appeal concerns the court's April 24, 2014 order of distribution wherein the court charged a portion of the attorneys' fees incurred by the estate in litigating claims against Spouse's elective share.

The surviving spouse's elective share is purely a creature of statute created by Florida's Legislature as a replacement for the common law doctrine of "dower and curtesy." *See In re Anderson's Estate*, 394 So. 2d 1146 (Fla. 4th DCA 1981). The purpose of the elective share statute is to ensure provision for a surviving spouse's needs. *Id.* Because this issue calls for interpretation and application of that statute, the proper review standard is *de novo*. *Fla. Dep't of Children & Families v. P.E.*, 14 So. 3d 228, 234 (Fla. 2009).

---

[4] The PRs did not immediately distribute the twelve-and-a-half million dollars because the court granted their motion to suspend the November 2010 order. This Court is not persuaded by PRs' argument that the probate court's suspension of the distribution requirement also stopped the interest-accrual requirement in the absence of language in the order expressly suspending accrual.

The 1998 version of the surviving spouse's-elective-share statute is applicable to this appeal.[5]  That statute provides:

> **732.207 Amount of the elective share.**--The elective share shall consist of an amount equal to 30 percent of the fair market value, on the date of death, of all assets referred to in s. 732.206, computed after deducting from the total value of the assets:
>
> (1) All valid claims against the estate paid or payable from the estate; and
>
> (2) All mortgages, liens, or security interests on the assets.

§ 732.207, Fla. Stat. (1998).

It is axiomatic that the Legislature is presumed to know the meaning of words it uses in laws it enacts and a court must ascribe generally-accepted meanings to words in a statute in the absence of contrary meanings expressly set forth in the statute.  *State v. Bodden*, 877 So. 2d 680, 685 (Fla. 2004).  In other words, when interpreting a statute, the court must look to the plain meaning of the language in the statute.  *P.E.*, 14 So. 3d at 234.  Here, the statute clearly and unambiguously sets forth only four types of expenses or costs which the probate court is to deduct from the value of the assets in the surviving spouse's elective share.  § 732.207(1)-(2), Fla. Stat. (1998).  Attorneys' fees is not one of those four.  *Id.*  Had the Legislature intended to allow a probate court to deduct attorneys' fees paid by an estate's personal representative(s) in litigating claims from the surviving spouse's elective share, it could and would have done so.  Therefore, the probate court reversibly erred by deducting attorneys' fees from the value of Spouse's elective share.

Based on the foregoing, we reverse and remand for the court to recalculate the value of Spouse's elective share to exclude the PRs' attorney's fees.  We affirm in all other respects.

*Affirmed in part and reversed in part.*

WARNER and MAY, JJ., concur.

\*     \*     \*

---

[5]     *See Boulis*, 16 So. 3d at 188 n.3.

4

*Not final until disposition of timely filed motion for rehearing.*